1 | ROY M. BRISBOIS, SB# 53222
     E-Mail: brisbois@lbbslaw.com
2 | ERIC Y. KIZIRIAN, SB# 210584
     E-Mail: kizirian@lbbslaw.com
3 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   | 221 North Figueroa Street, Suite 1200
4 | Los Angeles, California 90012
   | Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | DAVID S. OSTERMAN (*pro hac vice*)
     E-Mail: dosterman@goldbergsegalla.com
7 | **GOLDBERG SEGALLA** LLP
   | 301 Carnegie Center Boulevard, Suite 101
8 | Princeton, New Jersey 08540
   | Telephone: 609.986.1300
9 | Facsimile: 609.986.1301

10 | Attorneys for Defendant Carter's Inc.

11 |
12 |                    UNITED STATES DISTRICT COURT
13 |          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14 | LINDSEY WEBB, *et al*, individually      CASE NO. 2:08-cv-07367 GAF MANx
    | and on behalf of all others similarly
15 | situated,                                 Hon. Gary A. Feess
16 |              Plaintiffs,
17 |      v.                                   **ANSWER OF DEFENDANT
    |                                          CARTER'S, INC. TO SECOND
18 | CARTER'S INC., *et al.*                   AMENDED COMPLAINT OF
    |                                          PLAINTIFF LINDSEY WEBB**
19 |              Defendant.

20 | AMY MUIR, *et al*, individually and on
    | behalf of all others similarly situated,
21 |
22 |              Plaintiffs,
23 |      v.
24 | CARTER'S INC., *et al.*
25 |              Defendant.

26 |
27 |
28 |

ANSWER TO SECOND AMENDED COMPLAINT

1    For its answer to the Second Amended Complaint ("SAC") filed by Plaintiff

2 Lindsey Webb ("plaintiff"), Defendant Carter's, Inc. ("Carter's"), denies, admits, and

3 avers as follows:

4    **RESPONSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

5    1.    For its answer to paragraph 1, Carter's admits and avers that plaintiff

6 asserts a class action against Carter's and Defendant Avery Dennison Corporation as

7 specified in the paragraph. Except as expressly admitted and averred herein, Carter's

8 denies each and every averment of paragraph 1.

9    2.    For its answer to paragraph 2, Carter's admits that Carter's, Child of Mine,

10 Just One Year, and OshKosh are brands related to Carter's. Carter's further admits and

11 avers that the "2008 Annual Report" in which Carter's is alleged to have made the

12 representations referred to in paragraph 2 is the best evidence of its contents. Except as

13 expressly admitted and averred herein, Carter's denies each and every averment of

14 paragraph 2.

15    3.    For its answer to paragraph 3, Carter's admits that Carter's and OshKosh

16 retail outlets and Carter's retail partners Babies R Us, Target, Wal-Mart, Kohl's, and

17 Sears sell various Carter's products. Except as expressly admitted and averred herein,

18 Carter's denies each and every averment of paragraph 3.

19    4.    For its answer to paragraph 4, Carter's admits that it sells an array of

20 children's products. Carter's further admits and avers that the website in which

21 Carter's is alleged to have made the representations referred to in paragraph 4 is the

22 best evidence of its contents. Except as expressly admitted and averred herein, Carter's

23 denies each and every averment of paragraph 4.

24    5.    For its answer to paragraph 5, Carter's admits and avers that its website in

25 which Carter's is alleged to have made the representations referred to in paragraph 5 is

26 the best evidence of its contents. Except as expressly admitted and averred herein,

27 Carter's denies each and every averment of paragraph 5.

28    6.    For its answer to paragraph 6, Carter's states that the allegations in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

1
ANSWER TO SECOND AMENDED COMPLAINT

1   paragraph appear to relate solely to Avery Dennison and for this reason, Carter's need
2   not respond to the allegations contained in this paragraph. To the extent that the any
3   allegations in paragraph 6 may be interpreted as making allegations against Carter's,
4   Carter's denies each and every averment contained therein.

5       7.      For its answer to paragraph 7, Carter's states that the allegations in this
6   paragraph appear to relate solely to Avery Dennison and for this reason, Carter's need
7   not respond to the allegations contained in this paragraph. To the extent that the any
8   allegations in paragraph 7 may be interpreted as making allegations against Carter's,
9   Carter's denies each and every averment contained therein.

10      8.      For its answer to paragraph 8, Carter's states that the allegations in this
11  paragraph appear to relate solely to Avery Dennison and for this reason, Carter's need
12  not respond to the allegations contained in this paragraph. To the extent that the any
13  allegations in paragraph 8 may be interpreted as making allegations against Carter's,
14  Carter's denies each and every averment contained therein.

15      9.      Carter's denies each and every averment of paragraph 9.

16      10.     Carter's denies each and every averment of paragraph 10.

17      11.     Carter's denies each and every averment of paragraph 11.

18      12.     For its answer to paragraph 12, Carter's admits that the SAC purports to
19  seek compensatory and punitive damages. Except as expressly admitted and averred
20  herein, Carter's denies each and every averment of paragraph 12.

21      13.     For its answer to paragraph 13, Carter's admits that the SAC purports to
22  seek equitable and other relief. Except as expressly admitted and averred herein,
23  Carter's denies each and every averment of paragraph 13.

24      14.     Carter's lacks sufficient knowledge to admit or deny the averments of
25  paragraph 14, and on that basis denies each and every averment contained therein.

26      15.     For its answer to paragraph 15, Carter's states that the Court, by order
27  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
28  Carter's and on that basis, Carter's need not respond to the allegations in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                                    2
                                ANSWER TO SECOND AMENDED COMPLAINT

1 | paragraph.

2 |     16.    For its answer to paragraph 16, Carter's states that the Court, by order
3 | dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against
4 | Carter's and on that basis, Carter's need not respond to the allegations in this
5 | paragraph.

6 |     17.    For its answer to paragraph 17, Carter's states that the Court, by order
7 | dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
8 | Carter's and on that basis, Carter's need not respond to the allegations in this
9 | paragraph.

10 |     18.    Carter's admits the allegations in paragraph 18.

11 |     19.    Carter's lacks sufficient knowledge to admit or deny the averments of
12 | paragraph 19, and on that basis denies each and every averment contained therein.

13 |     20.    Carter's lacks sufficient knowledge to admit or deny the averments of
14 | paragraph 20, and on that basis denies each and every averment contained therein.

15 |     21.    For its answer to paragraph 21, Carter's admits and avers that this Court
16 | has subject matter jurisdiction over this dispute based on the allegations as presently
17 | pled in the SAC. Carter's lacks sufficient knowledge to admit or deny the remaining
18 | averments of paragraph 21, and on that basis denies each and every averment contained
19 | in paragraph 21 except as expressly admitted and averred herein.

20 |     22.    For its answer to paragraph 22, Carter's admits and avers that venue is
21 | proper in this Court. Carter's lacks sufficient knowledge to admit or deny the
22 | remaining allegations in paragraph 22, and on that basis denies each and every
23 | averment contained in paragraph 22 except as expressly admitted and averred herein.

24 |     23.    Carter's lacks sufficient knowledge to admit or deny the averments of
25 | paragraph 23, and on that basis denies each and every averment contained therein.

26 |     24.    Carter's lacks sufficient knowledge to admit or deny the averments of
27 | paragraph 24, and on that basis denies each and every averment contained therein.

28 |     25.    For its answer to paragraph 25, Carter's admits that "tagless" or heat

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  transferred labels are used in lieu of traditional hanging tags. Carter's lacks sufficient
2  knowledge to admit or deny the remaining allegations in paragraph 25, and on that
3  basis denies each and every averment contained in paragraph 25 except as expressly
4  admitted and averred herein.

5      26.    Carter's lacks sufficient knowledge to admit or deny the averments of
6  paragraph 26, and on that basis denies each and every averment contained therein.

7      27.    Carter's denies each and every averment in paragraph 27.

8      28.    Carter's lacks sufficient knowledge to admit or deny the averments of
9  paragraph 28, and on that basis denies each and every averment contained therein.

10     29.    Carter's lacks sufficient knowledge to admit or deny the averments of
11  paragraph 29, and on that basis denies each and every averment contained therein.

12     30.    Carter's lacks sufficient knowledge to admit or deny the averments of
13  paragraph 30, and on that basis denies each and every averment contained therein.

14     31.    Carter's lacks sufficient knowledge to admit or deny the averments of
15  paragraph 31, and on that basis denies each and every averment contained therein.

16     32.    Carter's lacks sufficient knowledge to admit or deny the averments of
17  paragraph 32, and on that basis denies each and every averment contained therein.

18     33.    Carter's lacks sufficient knowledge to admit or deny the averments of
19  paragraph 33, and on that basis denies each and every averment contained therein.

20     34.    For its answer to paragraph 34, Carter's states that the Court, by order
21  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
22  Carter's and on that basis, Carter's need not respond to the allegations in this
23  paragraph.

24     35.    For its answer to paragraph 35, Carter's states that the Court, by order
25  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
26  Carter's and on that basis, Carter's need not respond to the allegations in this
27  paragraph.

28     36.    For its answer to paragraph 36, Carter's states that the Court, by order

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                          4
                    ANSWER TO SECOND AMENDED COMPLAINT

1  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
2  Carter's and on that basis, Carter's need not respond to the allegations in this
3  paragraph.

4      37.    For its answer to paragraph 37, Carter's states that the Court, by order
5  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
6  Carter's and on that basis, Carter's need not respond to the allegations in this
7  paragraph.

8      38.    For its answer to paragraph 38, Carter's states that the Court, by order
9  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
10  Carter's and on that basis, Carter's need not respond to the allegations in this
11  paragraph.

12      39.    For its answer to paragraph 39, Carter's states that the Court, by order
13  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
14  Carter's and on that basis, Carter's need not respond to the allegations in this
15  paragraph.

16      40.    For its answer to paragraph 40, Carter's states that the Court, by order
17  dated June 23, 2009, dismissed all of the claims of plaintiff Jayme Sanchez against
18  Carter's and on that basis, Carter's need not respond to the allegations in this
19  paragraph.

20      41.    For its answer to paragraph 41, Carter's states that the Court, by order
21  dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against
22  Carter's and on that basis, Carter's need not respond to the allegations in this
23  paragraph.

24      42.    For its answer to paragraph 42, Carter's states that the Court, by order
25  dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against
26  Carter's and on that basis, Carter's need not respond to the allegations in this
27  paragraph.

28      43.    For its answer to paragraph 43, Carter's states that the Court, by order

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                5
                        ANSWER TO SECOND AMENDED COMPLAINT

1    dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against

2    Carter's and on that basis, Carter's need not respond to the allegations in this

3    paragraph.

4        44.    For its answer to paragraph 44, Carter's states that the Court, by order

5    dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against

6    Carter's and on that basis, Carter's need not respond to the allegations in this

7    paragraph.

8        45.    For its answer to paragraph 45, Carter's states that the Court, by order

9    dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against

10   Carter's and on that basis, Carter's need not respond to the allegations in this

11   paragraph.

12       46.    For its answer to paragraph 46, Carter's states that the Court, by order

13   dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against

14   Carter's and on that basis, Carter's need not respond to the allegations in this

15   paragraph.

16       47.    For its answer to paragraph 47, Carter's states that the Court, by order

17   dated June 23, 2009, dismissed all of the claims of plaintiff Kina Abrams against

18   Carter's and on that basis, Carter's need not respond to the allegations in this

19   paragraph.

20       48.    For its answer to paragraph 48, Carter's states that the Court, by order

21   dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against

22   Carter's and on that basis, Carter's need not respond to the allegations in this

23   paragraph.

24       49.    For its answer to paragraph 49, Carter's states that the Court, by order

25   dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against

26   Carter's and on that basis, Carter's need not respond to the allegations in this

27   paragraph.

28       50.    For its answer to paragraph 50, Carter's states that the Court, by order

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
2  Carter's and on that basis, Carter's need not respond to the allegations in this
3  paragraph.

4    51. For its answer to paragraph 51, Carter's states that the Court, by order
5  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
6  Carter's and on that basis, Carter's need not respond to the allegations in this
7  paragraph.

8    52. For its answer to paragraph 52, Carter's states that the Court, by order
9  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
10  Carter's and on that basis, Carter's need not respond to the allegations in this
11  paragraph.

12    53. For its answer to paragraph 53, Carter's states that the Court, by order
13  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
14  Carter's and on that basis, Carter's need not respond to the allegations in this
15  paragraph.

16    54. For its answer to paragraph 54, Carter's states that the Court, by order
17  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
18  Carter's and on that basis, Carter's need not respond to the allegations in this
19  paragraph.

20    55. For its answer to paragraph 55, Carter's states that the Court, by order
21  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
22  Carter's and on that basis, Carter's need not respond to the allegations in this
23  paragraph.

24    56. For its answer to paragraph 56, Carter's states that the Court, by order
25  dated June 23, 2009, dismissed all of the claims of plaintiff Anastasia Booth against
26  Carter's and on that basis, Carter's need not respond to the allegations in this
27  paragraph.

28    57. Carter's lacks sufficient knowledge to admit or deny the averments of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | paragraph 57, and on that basis denies each and every averment contained therein.

2 |    58.    For its answer to paragraph 58, Carter's admits that its products are subject

3 | to extensive third-party testing.  Except as expressly admitted and averred herein,

4 | Carter's denies each and every averment of paragraph 58.

5 |    59.    For its answer to paragraph 59, Carter's admits and avers that the "various

6 | internet websites" that plaintiff refers to and purports to quote in paragraph 59 are the

7 | best evidence of their contents.  Except as expressly admitted and averred herein,

8 | Carter's denies each and every averment of paragraph 59.

9 |    60.    For its answer to paragraph 60, Carter's admits and avers that the "many

10 | websites" plaintiff references in paragraph 60 are the best evidence of their contents.

11 | Except as expressly admitted and averred herein, Carter's denies each and every

12 | averment of paragraph 60.

13 |    61.    For its answer to paragraph 61, Carter's admits and avers that the "article"

14 | plaintiff references in paragraph 61 and purports to attach as Exhibit F to the SAC is the

15 | best evidence of its contents.  Except as expressly admitted and averred herein, Carter's

16 | denies each and every averment of paragraph 61.

17 |    62.    For its answer to paragraph 62, Carter's admits and avers that the

18 | "interview" plaintiff references and purports to quote in paragraph 62 is the best

19 | evidence of its contents.  Except as expressly admitted and averred herein, Carter's

20 | denies each and every averment of paragraph 62.

21 |    63.    For its answer to paragraph 63, Carter's admits and avers that the

22 | "advisory" plaintiff references and purports to quote in paragraph 63 is the best

23 | evidence of its contents.  Except as expressly admitted and averred herein, Carter's

24 | denies each and every averment of paragraph 63.

25 |    64.    Carter's denies each and every averment in paragraph 64.

26 |    65.    For its answer to paragraph 65, Carter's admits that the "November 2008"

27 | email from "Ms. Cleveland" that plaintiff references and purports to quote in paragraph

28 | 65 is the best evidence of its contents.  Except as expressly admitted and averred herein,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

ANSWER TO SECOND AMENDED COMPLAINT

1   Carter's denies each and every averment of paragraph 65.

2       66.   For its answer to paragraph 66, Carter's admits and avers that the

3   "message" plaintiff references in paragraph 66 and purports to attach as Exhibit E to the

4   SAC is the best evidence of its contents.  Except as expressly admitted and averred

5   herein, Carter's denies each and every averment of paragraph 66.

6       67.   For its answer to paragraph 67, Carter's admits and avers that the

7   "announcement" plaintiff references in paragraph 67 is the best evidence of its contents.

8   Except as expressly admitted and averred herein, Carter's denies each and every

9   averment of paragraph 67.

10      68.   For its answer to paragraph 68, Carter's admits and avers that the

11  "announcement" plaintiff references in paragraph 68 is the best evidence of its contents.

12  Except as expressly admitted and averred herein, Carter's denies each and every

13  averment of paragraph 68.

14      69.   Carter's denies each and every averment in paragraph 69.

15      70.   For its answer to paragraph 70, Carter's admits and avers that the

16  "interview" plaintiff references in paragraph 70 and purports to attach as Exhibit F to

17  the SAC is the best evidence of its contents.  Except as expressly admitted and averred

18  herein, Carter's denies each and every averment of paragraph 70.

19      71.   Carter's denies each and every averment in paragraph 71.

20      72.   For its answer to paragraph 72, Carter's admits and avers that the

21  statement plaintiff references in paragraph 72 and purports to quote is the best evidence

22  of its contents.  Except as expressly admitted and averred herein, Carter's denies each

23  and every averment of paragraph 72.

24      73.   Carter's denies each and every averment in paragraph 73.

25      74.   For its answer to paragraph 74, Carter's admits and avers that the the

26  American Academy of Allergy, Asthma & Immunology website that plaintiff purports

27  to quote in paragraph 74 is the best evidence of its contents.  Except as expressly

28  admitted and averred herein, Carter's denies each and every averment of paragraph 74.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

ANSWER TO SECOND AMENDED COMPLAINT

1    75.    Carter's denies each and every averment in paragraph 75.

2    76.    For its answer to paragraph 76, Carter's admits and avers that the Mayo

3   Clinic "finding" from the website "http://www.mayoclinic.com/health/contact-

4   dermatitis/DS00985" that plaintiff purports to quote in paragraph 76 is the best

5   evidence of its contents.  Except as expressly admitted and averred herein, Carter's

6   lacks sufficient knowledge to admit or deny the averments of paragraph 76, and on that

7   basis denies each and every averment contained therein.

8    77.    Carter's lacks sufficient knowledge to admit or deny the averments of

9   paragraph 77, and on that basis denies each and every averment contained therein.

10   78.    Carter's lacks sufficient knowledge to admit or deny the averments of

11   paragraph 78, and on that basis denies each and every averment contained therein.

12   79.    For its answer to paragraph 79, Carter's admits and avers that the 1993

13   "National Academy of Sciences" report that plaintiff references and purports to quote in

14   paragraph 79 is the best evidence of its contents.  Except as expressly admitted and

15   averred herein, Carter's lacks sufficient knowledge to admit or deny the averments of

16   paragraph 79, and on that basis denies each and every averment contained therein.

17   80.    For its answer to paragraph 80, Carter's admits and avers that the 1997

18   National Resources Defense Council report that plaintiff references and purports to

19   quote in paragraph 80 is the best evidence of its contents.  Except as expressly admitted

20   and averred herein, Carter's lacks sufficient knowledge to admit or deny the averments

21   of paragraph 80, and on that basis denies each and every averment contained therein.

22   81.    For its answer to paragraph 81, Carter's admits and avers that the report

23   entitled "Children's Exposure Assessment:  A Review of Factors Influencing

24   Children's Exposure, and the Data Available to Characterize and Assess That

25   Exposure," which plaintiff references and purports to quote in paragraph 81, is the best

26   evidence of its contents.  Except as expressly admitted and averred herein, Carter's

27   lacks sufficient knowledge to admit or deny the averments of paragraph 81, and on that

28   basis denies each and every averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                10
                            ANSWER TO SECOND AMENDED COMPLAINT

1    82.    For its answer to paragraph 82, Carter's admits and avers that the

2    document entitled "Supplemental Guidance of Assessing Susceptibility from Early-Life

3    Exposure to Carcinogens," which plaintiff references and purports to quote in

4    paragraph 82 and subparagraphs 1-9 contained therein, is the best evidence of its

5    contents.  Except as expressly admitted and averred herein, Carter's lacks sufficient

6    knowledge to admit or deny the averments of paragraph 82 (including subparagraphs 1-

7    9), and on that basis denies each and every averment contained therein.

8    83.    For its answer to paragraph 83, Carter's admits and avers that the website

9    plaintiff    references    and    purports    to    quote    in    paragraph    83

10   (http://www.cosmeticsdatabase.com/special/partnsguide/children.php?nothanks=1) is

11   the best evidence of its contents.  Except as expressly admitted and averred herein,

12   Carter's lacks sufficient knowledge to admit or deny the averments of paragraph 83,

13   and on that basis denies each and every averment contained therein.

14   84.    Carter's denies each and every averment in paragraph 84.

15   85.    Carter's denies each and every averment in paragraph 85.

16   86.    Carter's lacks sufficient knowledge to admit or deny the averments of

17   paragraph 86, and on that basis denies each and every averment contained therein.

18   87.    For its answer to paragraph 87, Carter's admits and avers that the website

19   plaintiff references as support for the "facts" she alleges in paragraph 87

20   (http://www.cdc.gov/exposurereport/pdf/factsheet_phthalates.pdf) is the best evidence

21   of its contents.  Except as expressly admitted and averred herein, Carter's lacks

22   sufficient knowledge to admit or deny the averments of paragraph 87, and on that basis

23   denies each and every averment contained therein.

24   88.    Carter's lacks sufficient knowledge to admit or deny the averments of

25   paragraph 88, and on that basis denies each and every averment contained therein.

26   89.    For its answer to paragraph 89, Carter's admits and avers that the website

27   plaintiff references as support for the "facts" she alleges in paragraph 89

28   (http://www.epa.gov/ncea/iris/subst/0014.htm) is the best evidence of its contents.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                   11
                        ANSWER TO SECOND AMENDED COMPLAINT

1   Except as expressly admitted and averred herein, Carter's lacks sufficient knowledge to
2   admit or deny the averments of paragraph 89, and on that basis denies each and every
3   averment contained therein.

4        90.    For its answer to paragraph 90, Carter's admits and avers that the
5   publication *Environ Health Perspect* 114(8):1266-1269 (Aug. 2006) that plaintiff
6   references as support for the "facts" she alleges in paragraph 90 is the best evidence of
7   its contents.  Except as expressly admitted and averred herein, Carter's lacks sufficient
8   knowledge to admit or deny the averments of paragraph 90, and on that basis denies
9   each and every averment contained therein.

10       91.    Carter's lacks sufficient knowledge to admit or deny the averments of
11  paragraph 91, and on that basis denies each and every averment contained therein.

12       92.    For its answer to paragraph 92, Carters admits and avers that the Carter's
13  "Annual Report" plaintiff references in paragraph 92 is the best evidence of its
14  contents.  Except as expressly admitted and averred herein, Carter's lacks sufficient
15  knowledge to admit or deny the averments of paragraph 92, and on that basis denies
16  each and every averment contained therein.

17       93.    For its answer to paragraph 93, Carters admits and avers that Health
18  Canada Expert Advisory Panel on DEHP in Medical Devises "final report" that
19  plaintiff references and purports to quote in paragraph 93 is the best evidence of its
20  contents.  Except as expressly admitted and averred herein, Carter's lacks sufficient
21  knowledge to admit or deny the averments of paragraph 93, and on that basis denies
22  each and every averment contained therein.

23       94.    Carter's lacks sufficient knowledge to admit or deny the averments of
24  paragraph 94, and on that basis denies each and every averment contained therein.

25       95.    For its answer to paragraph 95, Carters admits and avers that website
26  plaintiff references as support for the "facts" she alleges in paragraph 95
27  (http://74.125.93.104/custom?q=cache:ta7VNEIh9ZgJ:www.cdc.gov/Niosh/pdfs/0236.
28  pdf+dehp+dermatitis&cd=3&hl=en&ct=clnk&gl=us&client=google-coop) is the best

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  evidence of its contents.  Except as expressly admitted and averred herein, Carter's

2  lacks sufficient knowledge to admit or deny the averments of paragraph 95, and on that

3  basis denies each and every averment contained therein.

4      96.    For its answer to paragraph 96, Carter's admits and avers that the websites

5  plaintiff references in footnotes 1, 2, and 3 on page 33 of the SAC as support for the

6  "facts" she alleges in paragraph 96 are the best evidence of their contents.  Except as

7  expressly admitted and averred herein, Carter's lacks sufficient knowledge to admit or

8  deny the averments of paragraph 96, and on that basis denies each and every averment

9  contained therein.

10     97.    Carter's lacks sufficient knowledge to admit or deny the averments of

11  paragraph 97, and on that basis denies each and every averment contained therein.

12     98.    For its answer to paragraph 98, Carter's admits and avers that the

13  publication plaintiff references and purports to quote in paragraph 98 (*Contact

14  Dermatitis 2009: 60:70, at 74*) is the best evidence of its contents.  Except as expressly

15  admitted and averred herein, Carter's lacks sufficient knowledge to admit or deny the

16  averments in paragraph 98, and on that basis denies each and every averment contained

17  therein.

18     99.    Carter's lacks sufficient knowledge to admit or deny the averments of

19  paragraph 99, and on that basis denies each and every averment contained therein.

20     100.   For its answer to paragraph 100, Carter's admits and avers that Proposition

21  65, referenced in paragraph 100, is the best evidence of its contents.  Except as

22  expressly admitted and averred herein, Carter's lacks sufficient knowledge to admit or

23  deny the averments of paragraph 100, and on that basis denies each and every averment

24  contained therein.

25     101.   For its answer to paragraph 101, Carter's admits and avers that the website

26  plaintiffs references as support for the "facts" she alleges in paragraph 101

27  (http://www.inchem.org/documents/iarc/vol62/formal.html) is the best evidence of its

28  contents.  Except as expressly admitted and averred herein, Carter's lacks sufficient

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   knowledge to admit or deny the averments of paragraph 101, and on that basis denies
2   each and every averment contained therein.

3       102.   For its answer to paragraph 102, Carter's admits and avers that the
4   "Substance Profile" that plaintiff references in paragraph 102 is the best evidence of its
5   contents. Except as expressly admitted and averred herein, Carter's denies each and
6   every averment of paragraph 102.

7       103.   For its answer to paragraph 103, Carter's admits and avers that the
8   "Toxicological Profile For Formaldehyde" that plaintiff alleges the "U.S. Department
9   of Health and Human Services' Agency for Toxic Substances and Disease Registry"
10  published in July 1999, and that plaintiff references and purports to quote as support for
11  the "facts" she alleges in paragraph 103, is the best evidence of its contents. Except as
12  expressly admitted and averred herein, Carter's lacks sufficient knowledge to admit or
13  deny the averments in paragraph 103, and on that basis denies each and every averment
14  contained therein.

15      104.   For its answer to paragraph 104, Carter's admits and avers that the
16  "Organisation [sic] for Economic Co-Operation and Development Screening
17  Information Data Sets" "assessment of Formaldehyde" publication that plaintiff
18  references in paragraph 104, is the best evidence of its contents. Except as expressly
19  admitted and averred herein, Carter's lacks sufficient knowledge to admit or deny the
20  averments in paragraph 104, and on that basis denies each and every averment
21  contained therein.

22      105.   For its answer to paragraph 105, Carter's admits and avers that the
23  publication plaintiffs references and purports to quote in paragraph 105 ("*Contact*
24  *Dermatitis 2009:* 60:70-78, at 71, 74") is the best evidence of its contents. Except as
25  expressly admitted and averred herein, Carter's lacks sufficient knowledge to admit or
26  deny the averment in paragraph 105, and on that basis denies each and every averment
27  contained therein.

28      106.   Carter's lacks sufficient knowledge to admit or deny the averments of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                        14
                ANSWER TO SECOND AMENDED COMPLAINT

1 | paragraph 106, and on that basis denies each and every averment contained therein.

2 |     107.   Carter's lacks sufficient knowledge to admit or deny the averments of

3 | paragraph 107, and on that basis denies each and every averment contained therein.

4 |     108.   For its answer to paragraph 108, Carter's admits and avers that the World

5 | Health Organization "findings with respect to Formaldehyde" on the website

6 | http://whqlibdoc.who.int/hq/2002/a73769.pdf is the best evidence of its contents.

7 | Except as expressly admitted and averred herein, Carter's lacks sufficient knowledge to

8 | admit or deny the averments of paragraph 108, and on that basis denies each and every

9 | averment contained therein.

10 |     109.   For its answer to paragraph 109, Carter's admits and avers that the May

11 | 2008 "Environment California Research & Policy Center" report that plaintiff

12 | references and purports to quote in paragraph 109 is the best evidence of its contents.

13 | Except as expressly admitted and averred herein, Carter's lacks sufficient knowledge to

14 | admit or deny the averments of paragraph 109, and on that basis denies each and every

15 | averment contained therein.

16 |     110.   Carter's lacks sufficient knowledge to admit or deny the averments of

17 | paragraph 110, and on that basis denies each and every averment contained therein.

18 |     111.   For its answer to paragraph 111, Carter's admits and avers that the

19 | "occupational health database" plaintiff refers to and alleges is found at

20 | http://hazmap.nlm.nih.gov is the best evidence of its contents. Except as expressly

21 | admitted and averred herein, Carter's lacks sufficient knowledge to admit or deny the

22 | averments of paragraph 111, and on that basis denies each and every averment

23 | contained therein.

24 |     112.   Carter's lacks sufficient knowledge to admit or deny the averments of

25 | paragraph 112, and on that basis denies each and every averment contained therein.

26 |     113.   For its answer to paragraph 113, Carter's admits and avers that 15 U.S.C.A

27 | § 1261(f) defines the term "hazardous substance" and that the statute is the best

28 | evidence of its contents. Except as expressly admitted and averred herein, Carter's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  lacks sufficient knowledge to admit or deny the averments of paragraph 113, and on
2  that basis denies each and every averment contained therein.

3      114.   For its answer to paragraph 114, Carter's admits and avers that federal law
4  has enacted an act known as the Federal Hazardous Substances Act, and that this act is
5  the best evidence of its contents.  Except as expressly admitted and averred herein,
6  Carter's lacks sufficient knowledge to admit or deny the averments of paragraph 114,
7  and on that basis denies each and every averment contained therein.

8      115.   For its answer to paragraph 115, Carter's admits and avers that 15 U.S.C.
9  1261 defines the terms "hazardous substance" and "irritant," that 16 C.F.R. 1500.13
10 lists "strong sensitizer" substances, and that these statutes are the best evidence of their
11 contents.  Except as expressly admitted and averred herein, Carter's lacks sufficient
12 knowledge to admit or deny the averments of paragraph 115, and on that basis denies
13 each and every averment contained therein.

14     116.   Carter's denies each and every averment of paragraph 116.

15     117.   For its answer to paragraph 117, Carter's admits and avers that the
16 "marketing-related representations" that plaintiff references and purports to quote in
17 paragraph 117 are the best evidence of their contents.  Except as expressly admitted and
18 averred herein, Carter's denies each and every averment in paragraph 117.

19     118.   Carter's lacks sufficient knowledge to admit or deny the averments of
20 paragraph 118, and on that basis denies each and every averment contained therein.

21     119.   For its answer to paragraph 119, Carter's admits and avers that it sells
22 Carter's products through outlet and retail stores.  Except as expressly admitted and
23 averred herein, Carter's denies each and every averment of paragraph 119.

24     120.   For its answer to paragraph 120, Carter's admits and avers that if a
25 Carter's product with a heat-transferred label is worn as the primary layer of clothing, it
26 is likely that the Carter's product and the heat-transferred label may come into contact
27 with childrens' skin.  Except as expressly admitted and averred herein, Carter's denies
28 each and every averment of paragraph 120.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    121.  Carter's lacks sufficient knowledge to admit or deny the averments of

2  paragraph 121, and on that basis denies each and every averment contained therein.

3    122.  Carter's denies each and every averment in paragraph 122.

4    123.  For its answer to paragraph 123, Carter's admits and avers that its products

5  are subject to third-party testing to ensure they are safe and that its products comply

6  with applicable laws and regulations.  Except as expressly admitted and averred herein,

7  Carter's denies each and every allegation of paragraph 123.

8    124.  Carter's lacks sufficient knowledge to admit or deny the averments of

9  paragraph 124, and on that basis denies each and every averment contained therein.

10    125.  Carter's denies each and every averment in paragraph 125.

11    126.  Carter's denies each and every averment in paragraph 126.

12    127.  Carter's denies each and every averment in paragraph 127.

13    128.  Carter's denies each and every averment in paragraph 128.

14    129.  Carter's denies each and every averment in paragraph 129.

15    130.  Carter's lacks sufficient knowledge to admit or deny the averments of

16  paragraph 130, and on that basis denies each and every averment contained therein.

17    131.  Carter's lacks sufficient knowledge to admit or deny the averments of

18  paragraph 131, and on that basis denies each and every averment contained therein.

19    132.  Carter's denies each and every averment in paragraph 132.

20    133.  Carter's denies each and every averment in paragraph 133.

21    134.  Carter's denies each and every averment in paragraph 134.

22    135.  Carter's denies each and every averment in paragraph 135.

23    136.  Carter's denies each and every averment in paragraph 136.

24    137.  For its answer to paragraph 137, Carter's denies any actionable conduct

25  arose.  Carter's lacks sufficient knowledge to admit or deny the remaining averments of

26  paragraph 137, and on that basis denies each and every averment contained therein.

27    138.  For its answer to paragraph 138, Carter's admits and avers that its

28  corporate headquarters are in Georgia, and that it maintains certain distribution and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                          17
ANSWER TO SECOND AMENDED COMPLAINT

1   warehousing facilities in California.  Except as expressly admitted and averred herein,

2   Carter's denies each and every averment of paragraph 138.

3       139.  For its answer to paragraph 139, Carter's admits and avers that the U.S.

4   Department of Transportation Research and Innovative Technology Administration

5   Bureau of Transportation Statistics document plaintiff cites as support for the

6   allegations in paragraph 139 is the best evidence of its contents.  Except as expressly

7   admitted and averred herein, Carter's denies each and every averment of paragraph 139.

8       140.  For its answer to paragraph 140, Carter's admits and avers that plaintiffs

9   purport to bring this purported class action pursuant to Rule 23 of the Federal Rules of

10  Civil Procedure.  Except as expressly admitted and averred herein, Carter's denies each

11  and every averment of paragraph 140.

12      141.  For its answer to paragraph 141, Carter's admits and avers that plaintiffs

13  purport to represent the class as defined in paragraph 141.  Except as expressly

14  admitted and averred herein, Carter's denies each and every averment of paragraph 141.

15      142.  For its answer to paragraph 142, Carter's admits that plaintiffs Lindsey

16  Webb and Jayme Sanchez purport to bring a breach of implied warranty claim on their

17  own behalf and on behalf of the "subclass" they define in paragraph 142.  Except as

18  expressly admitted herein, Carter's denies each and every averment of paragraph 142.

19      143.  For its answer to paragraph 143, Carter's admits and avers that plaintiffs

20  Jayme Sanchez, Kina Abrams, and Anastasia Booth purport to bring an breach of

21  implied warranty claim on their own behalf and on behalf of the "subclass" they define

22  in paragraph 143.  Except as expressly admitted and averred herein, Carter's denies

23  each and every averment of paragraph 143.

24      144.  Carter's admits and avers that plaintiff in paragraph 144 purport to reserve

25  their right to amend or modify her SAC or class definitions at a later date.

26      145.  Carter's denies each and every averment in paragraph 145.

27      146.  Carter's denies each and every averment in paragraph 146.

28      147.  Carter's denies each and every averment in paragraph 147.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                18
                          ANSWER TO SECOND AMENDED COMPLAINT

1        148.   Carter's denies each and every averment in paragraph 148.

2        149.   Carter's denies each and every averment in paragraph 149.

3        150.   Carter's denies each and every averment in paragraph 150.

4        151.   For its answer to paragraph 151, Carter's states that the Court, by order

5    dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

6    California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

7    Carter's without leave to amend and on that basis, Carter's need not respond to the

8    allegations in this paragraph.

9        152.   For its answer to paragraph 152, Carter's states that the Court, by order

10   dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

11   California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

12   Carter's without leave to amend and on that basis, Carter's need not respond to the

13   allegations in this paragraph.

14       153.   For its answer to paragraph 153, Carter's states that the Court, by order

15   dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

16   California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

17   Carter's without leave to amend and on that basis, Carter's need not respond to the

18   allegations in this paragraph.

19       154.   For its answer to paragraph 154, Carter's states that the Court, by order

20   dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

21   California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

22   Carter's without leave to amend and on that basis, Carter's need not respond to the

23   allegations in this paragraph.

24       155.   For its answer to paragraph 155, Carter's states that the Court, by order

25   dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

26   California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

27   Carter's without leave to amend and on that basis, Carter's need not respond to the

28   allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                    19
                    ANSWER TO SECOND AMENDED COMPLAINT

1      156.   For its answer to paragraph 156, Carter's states that the Court, by order

2  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

3  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

4  Carter's without leave to amend and on that basis, Carter's need not respond to the

5  allegations in this paragraph.

6      157.   For its answer to paragraph 157, Carter's states that the Court, by order

7  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

8  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

9  Carter's without leave to amend and on that basis, Carter's need not respond to the

10  allegations in this paragraph or any subparagraphs contained therein.

11      158.   For its answer to paragraph 158, Carter's states that the Court, by order

12  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

13  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

14  Carter's without leave to amend and on that basis, Carter's need not respond to the

15  allegations in this paragraph.

16      159.   For its answer to paragraph 159, Carter's states that the Court, by order

17  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

18  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

19  Carter's without leave to amend and on that basis, Carter's need not respond to the

20  allegations in this paragraph.

21      160.   For its answer to paragraph 160, Carter's states that the Court, by order

22  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

23  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

24  Carter's without leave to amend and on that basis, Carter's need not respond to the

25  allegations in this paragraph.

26      161.   For its answer to paragraph 161, Carter's states that the Court, by order

27  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

28  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Carter's without leave to amend and on that basis, Carter's need not respond to the

2  allegations in this paragraph.

3      162.  For its answer to paragraph 162, Carter's states that the Court, by order

4  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

5  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

6  Carter's without leave to amend and on that basis, Carter's need not respond to the

7  allegations in this paragraph.

8      163.  For its answer to paragraph 163, Carter's states that the Court, by order

9  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

10  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

11  Carter's without leave to amend and on that basis, Carter's need not respond to the

12  allegations in this paragraph.

13      164.  For its answer to paragraph 164, Carter's states that the Court, by order

14  dated June 23, 2009, dismissed all plaintiffs' claims under Count I for violation of the

15  California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, against

16  Carter's without leave to amend and on that basis, Carter's need not respond to the

17  allegations in this paragraph.

18      165.  For its answer to paragraph 165, Carter's states that the Court, by order

19  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

20  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

21  and on that basis, Carter's need not respond to the allegations in this paragraph.

22      166.  For its answer to paragraph 166, Carter's states that the Court, by order

23  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

24  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

25  and on that basis, Carter's need not respond to the allegations in this paragraph.

26      167.  For its answer to paragraph 167, Carter's states that the Court, by order

27  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

28  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

ANSWER TO SECOND AMENDED COMPLAINT

1   and on that basis, Carter's need not respond to the allegations in this paragraph.

2       168.   For its answer to paragraph 168, Carter's states that the Court, by order

3   dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

4   Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

5   and on that basis, Carter's need not respond to the allegations in this paragraph.

6       169.   For its answer to paragraph 169, Carter's states that the Court, by order

7   dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

8   Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

9   and on that basis, Carter's need not respond to the allegations in this paragraph.

10      170.   For its answer to paragraph 170, Carter's states that the Court, by order

11  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

12  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

13  and on that basis, Carter's need not respond to the allegations in this paragraph.

14      171.   For its answer to paragraph 171, Carter's states that the Court, by order

15  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

16  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

17  and on that basis, Carter's need not respond to the allegations in this paragraph.

18      172.   For its answer to paragraph 172, Carter's states that the Court, by order

19  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

20  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

21  and on that basis, Carter's need not respond to the allegations in this paragraph.

22      173.   For its answer to paragraph 173, Carter's states that the Court, by order

23  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

24  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

25  and on that basis, Carter's need not respond to the allegations in this paragraph.

26      174.   For its answer to paragraph 174, Carter's states that the Court, by order

27  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

28  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

ANSWER TO SECOND AMENDED COMPLAINT

1  and on that basis, Carter's need not respond to the allegations in this paragraph.

2      175.  For its answer to paragraph 175, Carter's states that the Court, by order

3  dated June 23, 2009, dismissed all plaintiffs' claims under Count II for violation of

4  Business & Professions Code § 17500 *et seq.*, against Carter's without leave to amend

5  and on that basis, Carter's need not respond to the allegations in this paragraph.

6      176.  For its answer to plaintiff Webb's allegations in paragraph 176, Carter's

7  refers to and incorporates by reference each of its responses to the preceding paragraphs

8  in the SAC. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth

9  in paragraph 176, Carter's states that the Court, by order dated June 23, 2009,

10  dismissed their claims under Count III for violation of Business & Professions Code §

11  17200 *et seq.* (Unfair Business Acts and Practices) against Carter's without leave to

12  amend and on that basis, Carter's need not respond to the allegations of plaintiffs

13  Sanchez, Abrams, and Booth in this paragraph.

14      177.  Carter's denies each and every averment by plaintiff Webb in paragraph

15  177. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

16  paragraph 177, Carter's states that the Court, by order dated June 23, 2009, dismissed

17  their claims under Count III for violation of Business & Professions Code § 17200 *et*

18  *seq.* (Unfair Business Acts and Practices) against Carter's without leave to amend and

19  on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,

20  Abrams, and Booth in this paragraph.

21      178.  For its answer to plaintiff Webb's allegations in paragraph 178, Carter's

22  admits and avers that "California's Proposition 65," California Health & Safety Code

23  § 25249.6, and California Health & Safety Code § 10893, the Consumer Product Safety

24  Act and the Federal Hazardous Substances Act, 15 U.S.C.A. § 1261(f) referred to

25  paragraph 178 are the best evidence of their contents. Except as expressly admitted and

26  averred herein, Carter's lacks sufficient knowledge to admit or deny the averments of

27  paragraph 178, and on that basis denies each and every averment contained therein. For

28  its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in paragraph 178,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Carter's states that the Court, by order dated June 23, 2009, dismissed their claims

2  under Count III for violation of Business & Professions Code § 17200 *et seq.* (Unfair

3  Business Acts and Practices) against Carter's without leave to amend and on that basis,

4  Carter's need not respond to the allegations of plaintiffs Sanchez, Abrams, and Booth in

5  this paragraph.

6       179.  Carter's denies each and every averment by plaintiff Webb in paragraph

7  179. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

8  paragraph 179, Carter's states that the Court, by order dated June 23, 2009, dismissed

9  their claims under Count III for violation of Business & Professions Code § 17200 *et*

10  *seq.* (Unfair Business Acts and Practices) against Carter's without leave to amend and

11  on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,

12  Abrams, and Booth in this paragraph.

13       180.  Carter's denies each and every averment by plaintiff Webb in paragraph

14  180. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

15  paragraph 180, Carter's states that the Court, by order dated June 23, 2009, dismissed

16  their claims under Count III for violation of Business & Professions Code § 17200 *et*

17  *seq.* (Unfair Business Acts and Practices) against Carter's without leave to amend and

18  on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,

19  Abrams, and Booth in this paragraph.

20       181.  Carter's lacks sufficient knowledge to admit or deny plaintiff Webb's

21  averments in paragraph 181. For its answer to the allegations of plaintiffs Sanchez,

22  Abrams, and Booth in paragraph 181, Carter's states that the Court, by order dated June

23  23, 2009, dismissed their claims under Count III for violation of Business &

24  Professions Code § 17200 *et seq.* (Unfair Business Acts and Practices) against Carter's

25  without leave to amend and on that basis, Carter's need not respond to the allegations

26  of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

27       182.  Carter's denies each and every averment by plaintiff Webb in paragraph

28  182. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

24
ANSWER TO SECOND AMENDED COMPLAINT

1  paragraph 182, Carter's states that the Court, by order dated June 23, 2009, dismissed
2  their claims under Count III for violation of Business & Professions Code § 17200 *et*
3  *seq*. (Unfair Business Acts and Practices) against Carter's without leave to amend and
4  on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,
5  Abrams, and Booth in this paragraph.

6      183.  Carter's lacks sufficient knowledge to admit or deny plaintiff Webb's
7  averments in paragraph 183.  For its answer to the allegations of plaintiffs Sanchez,
8  Abrams, and Booth in paragraph 183, Carter's states that the Court, by order dated June
9  23, 2009, dismissed their claims under Count III for violation of Business &
10  Professions Code § 17200 *et seq*. (Unfair Business Acts and Practices) against Carter's
11  without leave to amend and on that basis, Carter's need not respond to the allegations
12  of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

13      184.  For its answer to plaintiff Webb's allegations in paragraph 184, Carter's
14  admits and avers that the safety of infants and children is a top priority.  Except as
15  expressly admitted and averred herein, Carter's denies each and every averment by
16  plaintiff Webb in paragraph 184.  For its answer to the allegations of plaintiffs Sanchez,
17  Abrams, and Booth in paragraph 184, Carter's states that the Court, by order dated June
18  23, 2009, dismissed their claims under Count III for violation of Business &
19  Professions Code § 17200 *et seq*. (Unfair Business Acts and Practices) against Carter's
20  without leave to amend and on that basis, Carter's need not respond to the allegations
21  of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

22      185.  Carter's denies each and every averment by plaintiff Webb in paragraph
23  185.  For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in
24  paragraph 185, Carter's states that the Court, by order dated June 23, 2009, dismissed
25  their claims under Count III for violation of Business & Professions Code § 17200 *et*
26  *seq*. (Unfair Business Acts and Practices) against Carter's without leave to amend and
27  on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,
28  Abrams, and Booth in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                    25
                        ANSWER TO SECOND AMENDED COMPLAINT

1    186. Carter's lacks sufficient knowledge to admit or deny the plaintiff Webb's

2    averments in paragraph 186. For its answer to the allegations of plaintiffs Sanchez,

3    Abrams, and Booth in paragraph 186, Carter's states that the Court, by order dated June

4    23, 2009, dismissed their claims under Count III for violation of Business &

5    Professions Code § 17200 *et seq.* (Unfair Business Acts and Practices) against Carter's

6    without leave to amend and on that basis, Carter's need not respond to the allegations

7    of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

8    187. For its answer to paragraph 187, Carter's admits and avers that plaintiff

9    Webb seeks the relief specified in the paragraph. Except as expressly admitted and

10   averred herein, Carter's denies each and every averment by plaintiff Webb in paragraph

11   187. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

12   paragraph 187, Carter's states that the Court, by order dated June 23, 2009, dismissed

13   their claims under Count III for violation of Business & Professions Code § 17200 *et*

14   *seq.* (Unfair Business Acts and Practices) against Carter's without leave to amend and

15   on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,

16   Abrams, and Booth in this paragraph.

17   188. For its answer to paragraph 188, Carter's states that the Court, by order

18   dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

19   Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

20   against Carter's without leave to amend and on that basis, Carter's need not respond to

21   the allegations in this paragraph.

22   189. For its answer to paragraph 189, Carter's states that the Court, by order

23   dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

24   Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

25   against Carter's without leave to amend and on that basis, Carter's need not respond to

26   the allegations in this paragraph.

27   190. For its answer to paragraph 190, Carter's states that the Court, by order

28   dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                    26
                        ANSWER TO SECOND AMENDED COMPLAINT

1  Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

2  against Carter's without leave to amend and on that basis, Carter's need not respond to

3  the allegations in this paragraph.

4       191.  For its answer to paragraph 191, Carter's states that the Court, by order

5  dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

6  Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

7  against Carter's without leave to amend and on that basis, Carter's need not respond to

8  the allegations in this paragraph.

9       192.  For its answer to paragraph 192, Carter's states that the Court, by order

10  dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

11  Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

12  against Carter's without leave to amend and on that basis, Carter's need not respond to

13  the allegations in this paragraph.

14       193.  For its answer to paragraph 193, Carter's states that the Court, by order

15  dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

16  Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

17  against Carter's without leave to amend and on that basis, Carter's need not respond to

18  the allegations in this paragraph.

19       194.  For its answer to paragraph 194, Carter's states that the Court, by order

20  dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

21  Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

22  against Carter's without leave to amend and on that basis, Carter's need not respond to

23  the allegations in this paragraph.

24       195.  For its answer to paragraph 195, Carter's states that the Court, by order

25  dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of

26  Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),

27  against Carter's without leave to amend and on that basis, Carter's need not respond to

28  the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    196.   For its answer to paragraph 196, Carter's states that the Court, by order
2    dated June 23, 2009, dismissed all plaintiffs' claims under Count IV for violation of
3    Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices),
4    against Carter's without leave to amend and on that basis, Carter's need not respond to
5    the allegations in this paragraph.

6    197.   For its answer to plaintiff Webb's allegations in paragraph 197, Carter's
7    refers to and incorporates by reference each of its responses to the preceding paragraphs
8    in the SAC. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth
9    in paragraph 197, Carter's states that the Court, by order dated June 23, 2009,
10   dismissed their claims under Count V for violation of Business & Professions Code §
11   17200 *et seq.* (Unlawful Business Acts and Practices) against Carter's without leave to
12   amend and on that basis, Carter's need not respond to the allegations of plaintiffs
13   Sanchez, Abrams, and Booth in this paragraph.

14   198.   Carter's denies each and every averment by plaintiff Webb in paragraph
15   198. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in
16   paragraph 198, Carter's states that the Court, by order dated June 23, 2009, dismissed
17   their claims under Count V for violation of Business & Professions Code § 17200 *et*
18   *seq.* (Unlawful Business Acts and Practices) against Carter's without leave to amend
19   and on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,
20   Abrams, and Booth in this paragraph.

21   199.   For its answer to plaintiff Webb's allegations in paragraph 199, Carter's
22   admits and avers that California Commercial Code §§ 2314 and 2315, 15 U.S.C. § 2301
23   *et seq.*, Cal. Civ. Code § 1750, California Business & Professions Code § 17500, and
24   the Federal Hazardous Substances Act, 15 U.S.C.A. § 1261(f) referred to paragraph 199
25   are the best evidence of their contents. Except as expressly admitted and averred
26   herein, Carter's lacks sufficient knowledge to admit or deny plaintiff Webb's averments
27   in paragraph 199, and on that basis denies each and every averment contained therein.
28   For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                            28
                              ANSWER TO SECOND AMENDED COMPLAINT

1   199, Carter's states that the Court, by order dated June 23, 2009, dismissed their claims
2   under Count V for violation of Business & Professions Code § 17200 *et seq*. (Unlawful
3   Business Acts and Practices) against Carter's without leave to amend and on that basis,
4   Carter's need not respond to the allegations of plaintiffs Sanchez, Abrams, and Booth in
5   this paragraph.

6       200.   Carter's denies each and every averment by plaintiff Webb in paragraph
7   200.  For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in
8   paragraph 200, Carter's states that the Court, by order dated June 23, 2009, dismissed
9   their claims under Count V for violation of Business & Professions Code § 17200 *et*
10  *seq*. (Unlawful Business Acts and Practices) against Carter's without leave to amend
11  and on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,
12  Abrams, and Booth in this paragraph.

13      201.   For its answer to paragraph 201, Carter's admits and avers that plaintiff
14  Webb seeks the relief specified in the paragraph.  Except as expressly admitted and
15  averred herein, Carter's denies each and every averment by plaintiff Webb in paragraph
16  201.  For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in
17  paragraph 201, Carter's states that the Court, by order dated June 23, 2009, dismissed
18  their claims under Count V for violation of Business & Professions Code § 17200 *et*
19  *seq*. (Unlawful Business Acts and Practices) against Carter's without leave to amend
20  and on that basis, Carter's need not respond to the allegations of plaintiffs Sanchez,
21  Abrams, and Booth in this paragraph.

22      202.   For its answer to paragraph 202, Carter's states that the Court, by order
23  dated June 23, 2009, dismissed all plaintiffs' claims under Count VI for an "alternative
24  claim for relief under the state consumer protection laws" against Carter's without leave
25  to amend and on that basis, Carter's need not respond to the allegations in this
26  paragraph.

27      203.   For its answer to paragraph 203, Carter's states that the Court, by order
28  dated June 23, 2009, dismissed all plaintiffs' claims under Count VI for an "alternative

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                    29
                          ANSWER TO SECOND AMENDED COMPLAINT

1  claim for relief under the state consumer protection laws" against Carter's without leave
2  to amend and on that basis, Carter's need not respond to the allegations in this
3  paragraph.

4        204.   For its answer to paragraph 204, Carter's states that the Court, by order
5  dated June 23, 2009, dismissed all plaintiffs' claims under Count VI for an "alternative
6  claim for relief under the state consumer protection laws" against Carter's without leave
7  to amend and on that basis, Carter's need not respond to the allegations in this
8  paragraph.

9        205.   For its answer to paragraph 205, Carter's states that the Court, by order
10 dated June 23, 2009, dismissed all plaintiffs' claims under Count VI for an "alternative
11 claim for relief under the state consumer protection laws" against Carter's without leave
12 to amend and on that basis, Carter's need not respond to the allegations in this
13 paragraph.

14       206.   For its answer to paragraph 206, Carter's states that the Court, by order
15 dated June 23, 2009, dismissed all plaintiffs' claims under Count VI for an "alternative
16 claim for relief under the state consumer protection laws" against Carter's without leave
17 to amend and on that basis, Carter's need not respond to the allegations in this
18 paragraph.

19       207.   For its answer to paragraph 207, Carter's states that the Court, by order
20 dated June 23, 2009, dismissed all plaintiffs' claims under Count VI for an "alternative
21 claim for relief under the state consumer protection laws" against Carter's without leave
22 to amend and on that basis, Carter's need not respond to the allegations in this
23 paragraph.

24       208.   For its answer to plaintiff Webb's allegations in paragraph 208, Carter's
25 refers to and incorporates by reference each of its responses to the preceding paragraphs
26 in the SAC. For its answer to the allegations of plaintiff Sanchez in paragraph 208,
27 Carter's states that the Court, by order dated June 23, 2009, dismissed her claims under
28 Count VII for Breach of Implied Warranties (on behalf of "Subclass 1") against

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                          30
                        ANSWER TO SECOND AMENDED COMPLAINT

1  Carter's without leave to amend and on that basis, Carter's need not respond to those

2  allegations of plaintiff Sanchez in this paragraph.

3      209.   For its answer to plaintiff Webb's allegations in paragraph 209, Carter's

4  admits and avers that it sells Carter's products through certain retail and outlet stores.

5  Except as expressly admitted and averred herein, Carter's lacks sufficient knowledge to

6  admit or deny plaintiff Webb's averments of paragraph 209, and on that basis denies

7  each and every averment contained therein. For its answer to the allegations of plaintiff

8  Sanchez in paragraph 209, Carter's states that the Court, by order dated June 23, 2009,

9  dismissed her claims under Count VII for Breach of Implied Warranties (on behalf of

10 "Subclass 1") against Carter's without leave to amend and on that basis, Carter's need

11 not respond to those allegations of plaintiff Sanchez in this paragraph.

12     210.   For its answer to plaintiff Webb's allegations in paragraph 210 concerning

13 Carter's alleged breach of the implied warranty of merchantability, Carter's admits and

14 avers that plaintiff Webb purports to bring such a claim on her own behalf and on

15 behalf of the persons identified in paragraph 210.  Except as expressly admitted herein,

16 Carter's denies each and every averment by plaintiff Webb concerning her claim for

17 breach of implied warranty of merchantability in paragraph 210.  For its answer to the

18 allegations of plaintiff Sanchez in paragraph 210, Carter's states that the Court, by

19 order dated June 23, 2009, dismissed her claims under Count VII for breach of the

20 implied warranty of merchantability (on behalf of "Subclass 1") against Carter's

21 without leave to amend and on that basis, Carter's need not respond to those allegations

22 of plaintiff Sanchez in this paragraph.  For its answer to the allegations of plaintiffs

23 Webb and Sanchez concerning Carter's alleged breach of the implied warranty of

24 fitness, Carter's states that the Court, by order dated June 23, 2009, dismissed the

25 claims of plaintiffs Webb and Sanchez under Count VII for breach of the implied

26 warranty of fitness against Carter's without leave to amend and on that basis, Carter's

27 need not respond to those allegations in this paragraph.

28     211.   Carter's denies each and every averment by plaintiff Webb in paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   211 concerning Carter's alleged breach of the implied warranty of merchantability.
2   For its answer to the allegations of plaintiff Sanchez in paragraph 211, Carter's states
3   that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for
4   breach of the implied warranty of merchantability (on behalf of "Subclass 1") against
5   Carter's without leave to amend and on that basis, Carter's need not respond to those
6   allegations of plaintiff Sanchez in this paragraph.  For its answer to the allegations of
7   plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied
8   warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,
9   dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the
10  implied warranty of fitness against Carter's without leave to amend and on that basis,
11  Carter's need not respond to those allegations in this paragraph.

12      212.   Carter's denies each and every averment by plaintiff Webb in paragraph
13  212 concerning Carter's alleged breach of the implied warranty of merchantability.
14  For its answer to the allegations of plaintiff Sanchez in paragraph 212, Carter's states
15  that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for
16  breach of the implied warranty of merchantability (on behalf of "Subclass 1") against
17  Carter's without leave to amend and on that basis, Carter's need not respond to those
18  allegations of plaintiff Sanchez in this paragraph.  For its answer to the allegations of
19  plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied
20  warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,
21  dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the
22  implied warranty of fitness against Carter's without leave to amend and on that basis,
23  Carter's need not respond to those allegations in this paragraph.

24      213.   Carter's denies each and every averment by plaintiff Webb in paragraph
25  213 concerning Carter's alleged breach of the implied warranty of merchantability.
26  For its answer to the allegations of plaintiff Sanchez in paragraph 213, Carter's states
27  that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for
28  breach of the implied warranty of merchantability (on behalf of "Subclass 1") against

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                          32
                    ANSWER TO SECOND AMENDED COMPLAINT

1  Carter's without leave to amend and on that basis, Carter's need not respond to those

2  allegations of plaintiff Sanchez in this paragraph. For its answer to the allegations of

3  plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied

4  warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,

5  dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the

6  implied warranty of fitness against Carter's without leave to amend and on that basis,

7  Carter's need not respond to those allegations in this paragraph.

8     214.  Carter's denies each and every averment by plaintiff Webb in paragraph

9  214 concerning Carter's alleged breach of the implied warranty of merchantability.

10  For its answer to the allegations of plaintiff Sanchez in paragraph 214, Carter's states

11  that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for

12  breach of the implied warranty of merchantability (on behalf of "Subclass 1") against

13  Carter's without leave to amend and on that basis, Carter's need not respond to those

14  allegations of plaintiff Sanchez in this paragraph. For its answer to the allegations of

15  plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied

16  warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,

17  dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the

18  implied warranty of fitness against Carter's without leave to amend and on that basis,

19  Carter's need not respond to those allegations in this paragraph.

20     215.  Carter's denies each and every averment by plaintiff Webb in paragraph

21  215 concerning Carter's alleged breach of the implied warranty of merchantability.

22  For its answer to the allegations of plaintiff Sanchez in paragraph 215, Carter's states

23  that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for

24  breach of the implied warranty of merchantability (on behalf of "Subclass 1") against

25  Carter's without leave to amend and on that basis, Carter's need not respond to those

26  allegations of plaintiff Sanchez in this paragraph. For its answer to the allegations of

27  plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied

28  warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the

2 | implied warranty of fitness against Carter's without leave to amend and on that basis,

3 | Carter's need not respond to those allegations in this paragraph.

4 | 216. Carter's denies each and every averment by plaintiff Webb in paragraph

5 | 216 concerning Carter's alleged breach of the implied warranty of merchantability.

6 | For its answer to the allegations of plaintiff Sanchez in paragraph 216, Carter's states

7 | that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for

8 | breach of the implied warranty of merchantability (on behalf of "Subclass 1") against

9 | Carter's without leave to amend and on that basis, Carter's need not respond to those

10 | allegations of plaintiff Sanchez in this paragraph. For its answer to the allegations of

11 | plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied

12 | warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,

13 | dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the

14 | implied warranty of fitness against Carter's without leave to amend and on that basis,

15 | Carter's need not respond to those allegations in this paragraph.

16 | 217. Carter's denies each and every averment by plaintiff Webb in paragraph

17 | 217 concerning Carter's alleged breach of the implied warranty of merchantability.

18 | For its answer to the allegations of plaintiff Sanchez in paragraph 217, Carter's states

19 | that the Court, by order dated June 23, 2009, dismissed her claims under Count VII for

20 | breach of the implied warranty of merchantability (on behalf of "Subclass 1") against

21 | Carter's without leave to amend and on that basis, Carter's need not respond to those

22 | allegations of plaintiff Sanchez in this paragraph. For its answer to the allegations of

23 | plaintiffs Webb and Sanchez concerning Carter's alleged breach of the implied

24 | warranty of fitness, Carter's states that the Court, by order dated June 23, 2009,

25 | dismissed the claims of plaintiffs Webb and Sanchez under Count VII for breach of the

26 | implied warranty of fitness against Carter's without leave to amend and on that basis,

27 | Carter's need not respond to those allegations in this paragraph.

28 | 218. For its answer to paragraph 218, Carter's admits and avers that plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Webb seeks the relief specified in the paragraph for Carter's alleged breach of the

2  implied warranty of merchantability. Except as expressly admitted and averred herein,

3  Carter's denies each and every averment by plaintiff Webb in paragraph 218. For its

4  answer to the allegations of plaintiff Sanchez in paragraph 218, Carter's states that the

5  Court, by order dated June 23, 2009, dismissed her claims under Count VII for breach

6  of the implied warranty of merchantability (on behalf of "Subclass 1") against Carter's

7  without leave to amend and on that basis, Carter's need not respond to those allegations

8  of plaintiff Sanchez in this paragraph. For its answer to the allegations of plaintiffs

9  Webb and Sanchez concerning Carter's alleged breach of the implied warranty of

10 fitness, Carter's states that the Court, by order dated June 23, 2009, dismissed the

11 claims of plaintiffs Webb and Sanchez under Count VII for breach of the implied

12 warranty of fitness against Carter's without leave to amend and on that basis, Carter's

13 need not respond to those allegations in this paragraph.

14      219.   For its answer to paragraph 219, Carter's states that the Court, by order

15 dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

16 under Count VIII for breach of implied warranties against Carter's without leave to

17 amend and on that basis, Carter's need not respond to the allegations in this paragraph.

18      220.   For its answer to paragraph 220, Carter's states that the Court, by order

19 dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

20 under Count VIII for breach of implied warranties against Carter's without leave to

21 amend and on that basis, Carter's need not respond to the allegations in this paragraph.

22      221.   For its answer to paragraph 221, Carter's states that the Court, by order

23 dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

24 under Count VIII for breach of implied warranties against Carter's without leave to

25 amend and on that basis, Carter's need not respond to the allegations in this paragraph.

26      222.   For its answer to paragraph 222, Carter's states that the Court, by order

27 dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

28 under Count VIII for breach of implied warranties against Carter's without leave to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                 35
                          ANSWER TO SECOND AMENDED COMPLAINT

1   amend and on that basis, Carter's need not respond to the allegations in this paragraph.

2       223.  For its answer to paragraph 223, Carter's states that the Court, by order

3   dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

4   under Count VIII for breach of implied warranties against Carter's without leave to

5   amend and on that basis, Carter's need not respond to the allegations in this paragraph.

6       224.  For its answer to paragraph 224, Carter's states that the Court, by order

7   dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

8   under Count VIII for breach of implied warranties against Carter's without leave to

9   amend and on that basis, Carter's need not respond to the allegations in this paragraph.

10      225.  For its answer to paragraph 225, Carter's states that the Court, by order

11  dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

12  under Count VIII for breach of implied warranties against Carter's without leave to

13  amend and on that basis, Carter's need not respond to the allegations in this paragraph.

14      226.  For its answer to paragraph 226, Carter's states that the Court, by order

15  dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

16  under Count VIII for breach of implied warranties against Carter's without leave to

17  amend and on that basis, Carter's need not respond to the allegations in this paragraph.

18      227.  For its answer to paragraph 227, Carter's states that the Court, by order

19  dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

20  under Count VIII for breach of implied warranties against Carter's without leave to

21  amend and on that basis, Carter's need not respond to the allegations in this paragraph.

22      228.  For its answer to paragraph 228, Carter's states that the Court, by order

23  dated June 23, 2009, dismissed the claims of plaintiffs Sanchez, Abrams, and Booth

24  under Count VIII for breach of implied warranties against Carter's without leave to

25  amend and on that basis, Carter's need not respond to the allegations in this paragraph.

26      229.  For its answer to paragraph 229, Carter's states that the Court, by order

27  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

28  omission/suppression without leave to amend and on that basis, Carter's need not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   respond to the allegations in this paragraph.

2       230.   For its answer to paragraph 230, Carter's states that the Court, by order

3   dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

4   omission/suppression without leave to amend and on that basis, Carter's need not

5   respond to the allegations in this paragraph.

6       231.   For its answer to paragraph 231, Carter's states that the Court, by order

7   dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

8   omission/suppression without leave to amend and on that basis, Carter's need not

9   respond to the allegations in this paragraph.

10      232.   For its answer to paragraph 232, Carter's states that the Court, by order

11  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

12  omission/suppression without leave to amend and on that basis, Carter's need not

13  respond to the allegations in this paragraph.

14      233.   For its answer to paragraph 233, Carter's states that the Court, by order

15  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

16  omission/suppression without leave to amend and on that basis, Carter's need not

17  respond to the allegations in this paragraph.

18      234.   For its answer to paragraph 234, Carter's states that the Court, by order

19  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

20  omission/suppression without leave to amend and on that basis, Carter's need not

21  respond to the allegations in this paragraph.

22      235.   For its answer to paragraph 235, Carter's states that the Court, by order

23  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

24  omission/suppression without leave to amend and on that basis, Carter's need not

25  respond to the allegations in this paragraph.

26      236.   For its answer to paragraph 236, Carter's states that the Court, by order

27  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

28  omission/suppression without leave to amend and on that basis, Carter's need not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                37
                            ANSWER TO SECOND AMENDED COMPLAINT

1  respond to the allegations in this paragraph.

2      237.  For its answer to paragraph 237, Carter's states that the Court, by order

3  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

4  omission/suppression without leave to amend and on that basis, Carter's need not

5  respond to the allegations in this paragraph.

6      238.  For its answer to paragraph 238, Carter's states that the Court, by order

7  dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

8  omission/suppression without leave to amend and on that basis, Carter's need not

9  respond to the allegations in this paragraph.

10     239.  For its answer to paragraph 239, Carter's states that the Court, by order

11 dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

12 omission/suppression without leave to amend and on that basis, Carter's need not

13 respond to the allegations in this paragraph.

14     240.  For its answer to paragraph 240, Carter's states that the Court, by order

15 dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

16 omission/suppression without leave to amend and on that basis, Carter's need not

17 respond to the allegations in this paragraph.

18     241.  For its answer to paragraph 241, Carter's states that the Court, by order

19 dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

20 omission/suppression without leave to amend and on that basis, Carter's need not

21 respond to the allegations in this paragraph.

22     242.  For its answer to paragraph 242, Carter's states that the Court, by order

23 dated June 23, 2009, dismissed plaintiffs' claims under Count IX for fraudulent

24 omission/suppression without leave to amend and on that basis, Carter's need not

25 respond to the allegations in this paragraph.

26     243.  For its answer to plaintiff Webb's allegations in paragraph 243, Carter's

27 refers to and incorporates by reference each of its responses to the preceding paragraphs

28 in the SAC. For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  in paragraph 243, Carter's states that the Court, by order dated June 23, 2009,
2  dismissed their claims under Count X for violation of the Magnuson-Moss Act against
3  Carter's without leave to amend and on that basis, Carter's need not respond to the
4  allegations of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

5      244.  For its answer to plaintiff Webb's allegations in paragraph 244, Carter's
6  admits and avers that 15 U.S.C. § 2301(3) referred to paragraph 244 is the best
7  evidence of its contents.  Except as expressly admitted and averred herein, Carter's
8  denies each and every averment contained in paragraph 244.  For its answer to the
9  allegations of plaintiffs Sanchez, Abrams, and Booth in paragraph 244, Carter's states
10  that the Court, by order dated June 23, 2009, dismissed their claims under Count X for
11  violation of the Magnuson-Moss Act against Carter's without leave to amend and on
12  that basis, Carter's need not respond to the allegations of plaintiffs Sanchez, Abrams,
13  and Booth in this paragraph.

14      245.  For its answer to plaintiff Webb's allegations in paragraph 245, Carter's
15  admits and avers that 15 U.S.C. § 2301(4)(5) referred to paragraph 245 is the best
16  evidence of its contents.  Except as expressly admitted and averred herein, Carter's
17  denies each and every averment contained in paragraph 245.  For its answer to the
18  allegations of plaintiffs Sanchez, Abrams, and Booth in paragraph 245, Carter's states
19  that the Court, by order dated June 23, 2009, dismissed their claims under Count X for
20  violation of the Magnuson-Moss Act against Carter's without leave to amend and on
21  that basis, Carter's need not respond to the allegations of plaintiffs Sanchez, Abrams,
22  and Booth in this paragraph.

23      246.  For its answer to plaintiff Webb's allegations in paragraph 246, Carter's
24  admits and avers that 15 U.S.C. § 2301(6) referred to paragraph 246 is the best
25  evidence of its contents.  Except as expressly admitted and averred herein, Carter's
26  denies each and every averment contained in paragraph 246.  For its answer to the
27  allegations of plaintiffs Sanchez, Abrams, and Booth in paragraph 246, Carter's states
28  that the Court, by order dated June 23, 2009, dismissed their claims under Count X for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                          39
                    ANSWER TO SECOND AMENDED COMPLAINT

1  violation of the Magnuson-Moss Act against Carter's without leave to amend and on

2  that basis, Carter's need not respond to the allegations of plaintiffs Sanchez, Abrams,

3  and Booth in this paragraph.

4       247.  Carter's denies each and every averment by plaintiff Webb in paragraph

5  247.  For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

6  paragraph 247, Carter's states that the Court, by order dated June 23, 2009, dismissed

7  their claims under Count X for violation of the Magnuson-Moss Act against Carter's

8  without leave to amend and on that basis, Carter's need not respond to the allegations

9  of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

10       248.  Carter's denies each and every averment by plaintiff Webb in paragraph

11  248.  For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

12  paragraph 248, Carter's states that the Court, by order dated June 23, 2009, dismissed

13  their claims under Count X for violation of the Magnuson-Moss Act against Carter's

14  without leave to amend and on that basis, Carter's need not respond to the allegations

15  of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

16       249.  Carter's denies each and every averment by plaintiff Webb in paragraph

17  249.  For its answer to the allegations of plaintiffs Sanchez, Abrams, and Booth in

18  paragraph 249, Carter's states that the Court, by order dated June 23, 2009, dismissed

19  their claims under Count X for violation of the Magnuson-Moss Act against Carter's

20  without leave to amend and on that basis, Carter's need not respond to the allegations

21  of plaintiffs Sanchez, Abrams, and Booth in this paragraph.

22                    **AFFIRMATIVE DEFENSES**

23                  **FIRST AFFIRMATIVE DEFENSE**

24      1.  Plaintiff fails to state any claim upon which relief can be granted.

25                **SECOND AFFIRMATIVE DEFENSE**

26      2.  Plaintiff's action is not properly maintained as a class action because the

27  requirements under federal law for certification are not met and certification of the

28  proposed class would result in a denial of due process to Carter's and the putative class.

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff and putative class members lack standing to assert claims relating to Carter's products they did not purchase.

### FOURTH AFFIRMATIVE DEFENSE

4.    The asserted claims are barred to the extent plaintiff and putative class members did not sustain any legal injury.

### FIFTH AFFIRMATIVE DEFENSE

5.    Any claim for damages or other monetary recovery by plaintiff or on behalf of persons claimed to be members of the purported class must be offset and reduced by the value received from the Carter's products.

### SIXTH AFFIRMATIVE DEFENSE

6.    The claims of plaintiff and putative class members are time-barred, in whole or in part, under the applicable statute of limitations or statute of repose.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The claims of plaintiff and putative class members are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

8.    The claims of plaintiff and putative class members are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff and putative class members may be barred, in whole or in part, from recovery because they have made statements or taken actions which estop them from asserting their claims.

### TENTH AFFIRMATIVE DEFENSE

10.    The asserted claims are barred, in whole or in part, because plaintiff and the putative class members cannot meet their burden of showing that any acts, conduct, or statements or omissions on the part of Carter's were likely to mislead the public.

### ELEVENTH AFFIRMATIVE DEFENSE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

41

ANSWER TO SECOND AMENDED COMPLAINT

1    11.    The asserted claims are barred, in whole or in part, because plaintiff and

2    the putative class members cannot meet their burden of showing that any acts, conduct,

3    or statements or omissions on the part of Carter's were unfair.

4    **TWELFTH AFFIRMATIVE DEFENSE**

5    12.    The asserted claims are barred, in whole or in part, because plaintiff and

6    the putative class members cannot meet their burden of showing that any acts, conduct,

7    or statements or omissions on the part of Carter's were unlawful.

8    **THIRTEENTH AFFIRMATIVE DEFENSE**

9    13.    The asserted claims are barred, in whole or in part, because plaintiff and

10    putative class members were not actually deceived by any statements or omissions on

11    the part of Carter's.

12    **FOURTEENTH AFFIRMATIVE DEFENSE**

13    14.    To the extent plaintiff or putative class members have alleged any damage,

14    the sole and proximate cause of the alleged damage sustained by plaintiff or the

15    putative class results from the actions, inactions or negligence, in whole or in part, of

16    persons other than Carter's for whose actions, inactions or negligence, in whole or in

17    part, Carter's is in no way liable.  Plaintiff and the putative class are not, therefore,

18    entitled to recover from Carter's in this action.

19    **FIFTEENTH AFFIRMATIVE DEFENSE**

20    15.    Plaintiff and the putative class have failed to include necessary and

21    indispensable parties to this action, and their claims are further barred by their

22    misjoinder of parties.

23    **SIXTEENTH AFFIRMATIVE DEFENSE**

24    16.    Plaintiff and putative class members may be barred from recovery, in

25    whole or in part, due to the intervening cause of another party.

26    **SEVENTEENTH AFFIRMATIVE DEFENSE**

27    17.    The asserted claims are barred to the extent any injury sustained by

28    Plaintiff or putative class members was caused their own negligent conduct.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claim to a class action should be denied because variations in the information plaintiff and members of the purported class learned about the Carter's products with heat-transferred labels prior to purchase preclude the introduction of classwide proof as to Carter's alleged misrepresentations.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's and putative class members may be barred from recovery, in whole or in part, because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's and the putative class may not seek equitable relief because they have an adequate remedy at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    The claims of plaintiff and the putative class are barred to the extent they have failed to mitigate damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The claims of plaintiff and the putative class for breach of the implied warranty of merchantability are barred because the Carter's products at issue were merchantable and reasonably suited for their intended purpose.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    The Carter's products at issue are not defective and were reasonably safe when such products left Carter's control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The claims of plaintiff and the putative class for breach of the implied warranty of merchantability are barred because plaintiff failed to provide adequate notice of the alleged breach to Carter's.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The claims of plaintiff and the putative class for breach of the implied

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                43
ANSWER TO SECOND AMENDED COMPLAINT

1 | warranty of merchantability are barred because plaintiff is not in privity with Carter's.

2 | ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

3 | 26.   Plaintiff's demand for putative damages is barred by the due process

4 | clause of the Fourteenth Amendment to the United States Constitution.

5 | ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6 | 27.   Plaintiff's demand for punitive damages is barred by the proscription of

7 | the Eighth Amendment to the United States Constitution, as applied to the states

8 | through the Fourteenth Amendment, and prohibiting the imposition of excessive fines.

9 | ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10 | 28.   If a Carter's product placed into the stream of commerce by Carter's

11 | caused the injury plaintiffs allege, any damages sustained by plaintiff were caused by

12 | an idiosyncratic reaction to Carter's products not reasonably foreseeable to Carter's.

13 | ## TWENTY-NINTH AFFIRMATIVE DEFENSE

14 | 29.   The Carter's products at issue were manufactured, packaged, and labeled

15 | in accordance with accepted industry, scientific and medical standards at the time.

16 | ## THIRTIETH AFFIRMATIVE DEFENSE

17 | 30.   The claims of plaintiff and the putative class are barred by accord and

18 | satisfaction.

19 | ## THIRTY-FIRST AFFIRMATIVE DEFENSE

20 | 31.   Plaintiff's claims are barred by the doctrine of preemption in that the

21 | federal government has totally or partially preempted the field of law applicable to any

22 | product or act that is at issue.

23 | ## THIRTY-SECOND AFFIRMATIVE DEFENSE

24 | 32.   Carter's presently has insufficient knowledge or information upon which

25 | to form a belief as to whether it may have additional, as yet unstated, affirmative

26 | defenses that govern the claims asserted by plaintiff and on behalf of persons claimed to

27 | be members of the purported class.   Carter's reserves the right to assert additional

28 | affirmative defenses as appropriate.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                                    44
ANSWER TO SECOND AMENDED COMPLAINT

1

2    WHEREFORE, Carter's prays that the Court determine and adjudge:

3        a) that this suit cannot be maintained as a class action;

4        b) that the SAC be dismissed on the merits;

5        c) that plaintiff take nothing by the SAC;

6        d) that Carter's be awarded its costs, disbursements, attorneys' fees,

7            and expenses incurred herein; and

8        e) that Carter's be awarded such other and further relief as the Court

9            may deem proper.

10

11   DATED: July 15, 2009        ROY M. BRISBOIS
                                 ERIC Y. KIZIRIAN
12                               LEWIS BRISBOIS BISGAARD & SMITH LLP

13                               DAVID S. OSTERMAN
                                 GOLDBERG SEGALLA LLP
14

15
                                 By: _____
16                                   Eric Y. Kizirian
                                     Attorneys for Carter's Inc.
17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                    45
                        ANSWER TO SECOND AMENDED COMPLAINT

**FEDERAL COURT PROOF OF SERVICE**
Webb et al. v. Carter's Inc. et al.

STATE OF CALIFORNIA, COUNTY OF Los Angeles

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 15, 2009, I served the following document(s):

**ANSWER OF DEFENDANT CARTER'S, INC. TO SECOND AMENDED COMPLAINT OF PLAINTIFF LINDSEY WEBB**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

The documents were served by the following means:

☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.  See supplemental list for service by mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2009, at Los Angeles, California

Edwina G. Martinez

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

44
ANSWER TO SECOND AMENDED COMPLAINT

**SERVICE LIST**
**CM/ECF COURT SERVICE LIST**

JIGARJIAN LAW OFFICE
Robert a. Jigarjian
Jigarjianlaw@gmail.com
128 Tunstead Ave.
San Anselmo, Cal. 94960
415-341-6660/501-907-2556
Attorneys for Plaintiff

DRINKER BIDDLE &  REATH,
LLP
Steven M. Selna
Steven.selna@dbr.com
Beth O. Arnese
Beth.arnese@dbr.com
50 Fremont Street, 20th Floor
San Francisco, Cal. 94105-2235
415-591-7500/415-591-7510
Attorneys for Avery Dennison
Corporation

WHATLEY DRAKE & KALLAS,
LLC
Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esg. (Pro Hac Vice)
1540 Broadway, 37 Floor
New York, NY 10036
Tel: (212) 447-7070
FAX: (212) 447-7077

Thomas J. Butler, Esq. (Pro Hac
Vice)
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Tel: (205) 328-9576
FAX: (205) 328-9669

EMERSON POYNTER LLP
John G. Emerson, Esq. (Pro Hac
Vice)
830 Apollo Lane
Houston, Texas 77058-2610
Tel: (281) 488-8854
FAX: (281) 488-8867

BRANSTETTER STRANCH &
JENNINGS PLLC
James G. Stranch III, Esq. (Pro Hac
Vice)
J. Gerard Stranch, IV, Esq. (Pro
Hac Vice)
Steve Simerlein, Esq.
227 Second Avenue North
Fourth Floor
Nashville, TN 37201-1631
Tel: (615) 254-8801
FAX: (615) 250-3937

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1

45
ANSWER TO SECOND AMENDED COMPLAINT

| | |
|---|---|
| 1 | WHATLEY DRAKE & KALLAS, LLC |
| 2 | Joe R. Whatley, Jr., Esq. |
| 3 | Edith M. Kallas, Esg. (Pro Hac Vice) |
| 4 | 1540 Broadway, 37 Floor |

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esg. (Pro Hac Vice)
1540 Broadway, 37 Floor
New York, NY 10036
Tel: (212) 447-7070
FAX: (212) 447-7077

Alan M. Mansfield, Esq.
alan@clgca.com
The Consumer Law Group
9466 Black Mountain Road, Suite 225
San Diego, California 92126
Tel: (619) 308-5034
FAX: (888) 341-5048

Thomas J. Butler, Esq. (Pro Hac Vice)
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Tel: (205) 328-9576
FAX: (205) 328-9669

EMERSON POYNTER LLP
Scott E. Poynter, Esq.
Christopher D. Jennings, Esq. (Pro Hac Vice)
Gina M. Dougherty, Esq.
500 President Clinton Ave., Ste. 305
Little Rock, Arkansas 72201
Tel: (501) 907-2555
FAX: (501) 907-2556

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## SERVICE LIST
## SERVICE BY MAIL-MUIR PLAINTIFFS

2

3   DOYLE LOWTHER LLP                    DOYLE LOWTHER LLP
    James Robert Hall                    John A. Lowther IV
4   jim@doylelowther.com                 john@doylelowther.com
    9466 Mountain Rd. Suite 210          9466 Mountain Rd. Suite 210
5   San Diego, CA 92126                  San Diego, CA 92126
    Tel: 619-573-1700                    Tel: 619-573-1700
6   FAX: 619-573-1701                    FAX: 619-573-1701
    *LEAD ATTORNEY*                      *LEAD ATTORNEY*
7   *ATTORNEY TO BE NOTICED*             *ATTORNEY TO BE NOTICED*

8
    DOYLE LOWTHER LLP
9   William James Doyle II
    bill@doylelowther.com
10  9466 Mountain Rd. Suite 210
    San Diego, CA 92126
11  Tel: 619-573-1700
    FAX: 619-573-1701
12  *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-5545-5492.1                        47
                        ANSWER TO SECOND AMENDED COMPLAINT