1  ROY M. BRISBOIS, SB# 53222
      E-Mail: brisbois@lbbslaw.com
2  ERIC Y. KIZIRIAN, SB# 210584
      E-Mail: kizirian@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  DAVID S. OSTERMAN (*pro hac vice*)
      E-Mail: dosterman@goldbergsegalla.com
7  **GOLDBERG SEGALLA** LLP
   301 Carnegie Center Boulevard, Suite 101
8  Princeton, New Jersey 08540
   Telephone: 609.986.1300
9  Facsimile: 609.986.1301

10  Attorneys for Defendant Carter's Inc.

11                  UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

| | |
|---|---|
| LINDSEY WEBB, *et al*, individually and on behalf of all others similarly situated, | CASE NO. 2:08-cv-07367 GAF MANx |
| Plaintiffs, | Hon. Gary A. Feess |
| v. | **ANSWER OF DEFENDANT CARTER'S, INC. TO COMPLAINT OF PLAINTIFFS AMY MUIR AND NANCY MUIR FOR UNLAWFUL, FRAUDULENT, AND UNFAIR BUSINESS PRACTICES, UNJUST ENRICHMENT, AND COMMON COUNTS, NEGLIGENT MISREPRESENTATION, DECLARATORY RELIEF, BREACH OF IMPLIED WARRANTY** |
| CARTER'S INC., *et al.* | |
| Defendant. | |
| AMY MUIR, *et al*, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| CARTER'S INC., *et al.* | |
| Defendant. | |

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    For its answer to the Complaint for Unlawful, Fraudulent and Unfair Business
2 Practices, Unjust Enrichment and Common Counts, Negligent Misrepresentation,
3 Declaratory Relief, Breach of Implied Warranty ("complaint") filed by Plaintiffs Amy
4 Muir and Nancy Muir ("plaintiffs"), Defendant Carter's, Inc. ("Carter's") denies,
5 admits, and avers as follows:

6                    **RESPONSES TO PLAINTIFFS' COMPLAINT**

7    1.    For its answer to paragraph 1, Carter's admits and avers that plaintiffs
8 assert a class action. Except as expressly admitted and averred herein, Carter's denies
9 each and every averment of paragraph 1.

10    2.    For its answer to paragraph 2, Carter's admits and avers that (1) its
11 products are marketed and sold in the United States, (2) Carter's products are sold at
12 various national retail stores including Babies 'R' Us®, JCPenney's®, Kohl's® and
13 Sears®, as well as through Carter's retail outlet stores, and (3) Carter's products are sold
14 under the Child of Mine® brand of children's apparel and accessories at Wal-Mart®
15 stores and under the Just One Year® brand available at Target® stores. Carter's states
16 that it lacks sufficient knowledge to admit or deny the remaining allegations in
17 paragraph 2, and on that basis denies each and every averment contained in paragraph 2
18 except as expressly admitted and averred herein.

19    3.    For its answer to paragraph 3, Carter's admits and avers that the complaint
20 purports to seek compensatory damages, as well as equitable, declaratory, and
21 injunctive relief. Except as expressly admitted and averred herein, Carter's denies each
22 and every averment of paragraph 3.

23    4.    For its answer to paragraph 4, Carter's admits and avers that based on the
24 allegations as presently pled in the complaint, the United States District Court for the
25 Central District of California currently has subject matter jurisdiction over this dispute
26 and that the complaint alleges that the requirements for jurisdiction under 28 U.S.C.
27 § 1332(d) are met. Except as expressly admitted and averred herein, Carter's denies
28 each and every averment of paragraph 4.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    5.    For its answer to paragraph 5, Carter's admits and avers that venue is
2   proper in this Court.  Carter's lacks sufficient knowledge to admit or deny the
3   remaining allegations in paragraph 5, and on that basis denies each and every averment
4   contained in paragraph 5 except as expressly admitted and averred herein.

5    6.    Carter's lacks sufficient knowledge to admit or deny the averments of
6   paragraph 6, and on that basis denies each and every averment contained therein.

7    7.    Carter's lacks sufficient knowledge to admit or deny the averments of
8   paragraph 7, and on that basis denies each and every averment contained therein.

9    8.    For its answer to paragraph 8, Carter's admits and avers that (1) it is a
10  Delaware Corporation and maintains its principal executive offices at 1170 Peachtree
11  Street NE, Suite 900, in Atlanta, Georgia, (2) it conducts business in California, (3)
12  distributes its products to major retailers and sells an array of children's products
13  through Carter's brand and outlet stores, and (4) it maintains a distribution and
14  warehousing facility in Chino, California.  Except as expressly admitted and averred
15  herein, Carter's denies each and every averment in paragraph 8.

16   9.    For its answer to paragraph 9, Carter's states that the allegations made
17  herein appear to relate solely to Avery Dennison and as such, Carter's need not respond
18  to them.  To the extent that the same may be interpreted as making allegations against
19  Carter's, Carter's states that it lacks sufficient knowledge to admit or deny the
20  averments of paragraph 9, and on that basis denies each and every averment contained
21  therein.

22   10.   Carter's denies each and every averment in paragraph 10.

23   11.   Carter's denies each and every averment in paragraph 11.

24   12.   For its answer to paragraph 12, Carter's admits and avers that the 1993
25  "National Academy of Sciences" report that plaintiffs reference in paragraph 12 is the
26  best evidence of its contents.  Except as expressly admitted and averred herein, Carter's
27  lacks sufficient knowledge to admit or deny the averments of paragraph 12, and on that
28  basis denies each and every averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1                                    2
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1  13.    For its answer to paragraph 13, Carter's admits and avers that the 1997

2 National Resources Defense Council report that plaintiffs reference and purport to

3 quote in paragraph 13 is the best evidence of its contents. Except as expressly admitted

4 and averred herein, Carter's lacks sufficient knowledge to admit or deny the averments

5 of paragraph 13, and on that basis denies each and every averment contained therein.

6  14.    For its answer to paragraph 14, Carter's admits and avers that the 2005

7 document entitled "Supplemental Guidance of Assessing Susceptibility from Early-Life

8 Exposure to Carcinogens" that plaintiffs reference in paragraph 14 is the best evidence

9 of its contents.  Except as expressly admitted and averred herein, Carter's lacks

10 sufficient knowledge to admit or deny the averments of paragraph 14.

11  15.    Carter's lacks sufficient knowledge to admit or deny the averments of

12 paragraph 15, and on that basis denies each and every averment contained therein.

13  16.    Carter's lacks sufficient knowledge to admit or deny the averments of

14 paragraph 16, and on that basis denies each and every averment contained therein

15  17.    For its answer to paragraph 17, Carter's admits and avers that the Carter's

16 "Annual Report" that plaintiffs reference in paragraph 17 is the best evidence of its

17 contents.  Except as expressly admitted and averred herein, denies each and every

18 averment in paragraph 17.

19  18.    For its answer to paragraph 18, Carter's admits and avers that the website

20 that contains the "website representations" plaintiffs reference and quote in paragraph

21 18 is the best evidence of its contents. Except as expressly admitted and averred herein,

22 Carter's denies each and every averment of paragraph 18.

23  19.    For its answer to paragraph 19, Carter's admits and avers that the Carter's

24 "website" that contains the "representations" that plaintiffs reference and quote in

25 paragraph 19 is the best evidence of its contents.  Except as expressly admitted and

26 averred herein, Carter's denies each and every averment contained in paragraph 19.

27  20.    Carter's lacks sufficient knowledge to admit or deny the averments of

28 paragraph 20, and on that basis denies each and every averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.   Carter's lacks sufficient knowledge to admit or deny the averments of paragraph 21, and on that basis denies each and every averment contained therein.

22.   For its answer to paragraph 22, Carter's states that it lacks sufficient knowledge to admit or deny the averments of paragraph 22, and on that basis denies each and every averment contained therein.

23.   Carter's lacks sufficient knowledge to admit or deny the averments of paragraph 23, and on that basis denies each and every averment contained therein.

24.   Carter's lacks sufficient knowledge to admit or deny the averments of paragraph 24, and on that basis denies each and every averment contained therein.

25.   For its answer to paragraph 25, Carter's admits and avers that the article that purportedly contains the quotes plaintiffs reference is the best evidence of its contents. Except as expressly admitted and averred herein, Carter's denies each and every averment contained in paragraph 25.

26.   For its answer to paragraph 26, Carter's admits and avers that the "advisory" plaintiffs reference and purport to quote in paragraph 26 is the best evidence of its contents. Except as expressly admitted and averred herein, Carter's denies each and every averment of paragraph 26.

27.   For its answer to paragraph 27, Carter's admits and avers that the "CPSC warning to consumers" plaintiffs reference in paragraph 27 is the best evidence of its contents. Except as expressly admitted and averred herein, Carter's denies each and every averment of paragraph 27.

28.   Carter's denies each and every averment in paragraph 28.

29.   For its answer to paragraph 29, Carter's admits and avers that the "Message from Carter's on Tagless Labels" that plaintiffs reference and purport to quote in paragraph 29 is the best evidence of its contents. Except as expressly admitted and averred herein, Carter's denies each and every averment of paragraph 29.

30.   For its answer to paragraph 30, Carter's admits and avers that the October 26, 2008 "Associate (sic) Press article" that plaintiffs reference and purport to quote in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1                                  4
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1    paragraph 30 is the best evidence of its contents.  Except as expressly admitted and

2    averred herein, Carter's denies each and every averment of paragraph 30.

3        31.    Carter's denies each and every averment in paragraph 31.

4        32.    Carter's lacks sufficient knowledge to admit or deny the averments of

5    paragraph 32, and on that basis denies each and every averment contained therein.

6        33.    Carter's lacks sufficient knowledge to admit or deny the averments of

7    paragraph 33, and on that basis denies each and every averment contained therein.

8        34.    Carter's lacks sufficient knowledge to admit or deny the averments of

9    paragraph 34, and on that basis denies each and every averment contained therein.

10        35.    Carter's lacks sufficient knowledge to admit or deny the averments of

11    paragraph 35, and on that basis denies each and every averment contained therein.

12        36.    For its answer to paragraph 36, Carter's admits and avers that the

13    American Academy of Pediatrics recommendation that plaintiffs reference in paragraph

14    36 of the complaint is the best evidence of its contents.  Carter's lacks sufficient

15    knowledge to admit or deny the remaining averments of paragraph 36, and on that basis

16    denies each and every averment contained therein.

17        37.    Carter's lacks sufficient knowledge to admit or deny the averments of

18    paragraph 37, and on that basis denies each and every averment contained therein.

19        38.    Carter's admits and avers that Amy Muir telephoned Carter's to complain.

20    Except as expressly admitted and averred herein, Carter's denies each and every

21    averment in paragraph 38.

22        39.    Carter's lacks sufficient knowledge to admit or deny the averments of

23    paragraph 39, and on that basis, denies each and every averment contained therein.

24        40.    Carter's denies each and every averment in paragraph 40.

25        41.    Carter's denies each and every averment in paragraph 41.

26        42.    Carter's denies each and every averment in paragraph 42.

27        43.    Carter's lacks sufficient knowledge to admit or deny the averments of

28    paragraph 43, and on that basis denies each and every averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1                    5
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

44. Carter's denies each and every averment in paragraph 44.

45. Carter's denies each and every averment in paragraph 45.

46. Carter's denies each and every averment in paragraph 46.

47. Carter's denies each and every averment in paragraph 47.

48. Carter's denies each and every averment in paragraph 48.

49. For its answer to paragraph 49, Carter's admits and avers that plaintiffs purport to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the class they define in paragraph 49. Except as expressly admitted and averred herein, Carter's denies each and every averment of paragraph 49.

50. Carter's admits and avers that plaintiffs in paragraph 50 purport to reserve their right to amend or modify the definition for the purported class at a later date.

51. Carter's denies each and every averment in paragraph 51.

52. Carter's denies each and every averment in paragraph 52.

53. Carter's denies each and every averment in paragraph 53 and subparagraphs (a) through (g) contained therein.

54. Carter's denies each and every averment in paragraph 54.

55. Carter's denies each and every averment in paragraph 55.

56. Carter's denies each and every averment in paragraph 56.

57. Carter's denies each and every averment in paragraph 57.

58. Carter's denies each and every averment in paragraph 58.

59. Carter's denies each and every averment in paragraph 59.

60. For its answer to plaintiffs' allegations in paragraph 60, Carter's refers to and incorporates by reference each of its responses to the preceding paragraphs in the complaint.

61. For its answer to paragraph 61, Carter's states that the Court, by order dated June 23, 2009, dismissed the claims of plaintiff Lindsey Webb for "fraudulent" business practices under Business & Professions Code § 17200 *et seq.* (Fraudulent Business Acts and Practices), and noted that "the Court's rulings with respect to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1

6

ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1  Webb's claims are, to the extent applicable, binding upon the Muirs." The court also

2  dismissed all claims brought under alternative "state consumer protection laws." For

3  these reasons, Carter's need not respond to plaintiffs' allegations concerning Carter's

4  alleged violation of the "fraudulent" prong of Business & Professions Code § 17200

5  and for violations of "other and applicable state consumer protections laws" in this

6  paragraph. With respect to the remaining allegations under the "unlawful" and "unfair"

7  prongs of Business & Professions Code § 17200, Carter's denies each and every

8  averment in paragraph 61.

9          62.    Carter's denies each and every averment in paragraph 62.

10         63.    Carter's denies each and every averment in paragraph 63 and

11  subparagraphs (a) through (c) contained therein.

12         64.    For its answer to paragraph 64, Carter's states that the Court, by order

13  dated June 23, 2009, dismissed the claims of plaintiff Lindsey Webb for "fraudulent"

14  business practices under Business & Professions Code § 17200 *et seq.* (Fraudulent

15  Business Acts and Practices), and noted that "the Court's rulings with respect to

16  Webb's claims are, to the extent applicable, binding upon the Muirs." For this reason,

17  Carter's need not respond to plaintiffs' allegations concerning Carter's alleged violation

18  of the "fraudulent" prong of Business & Professions Code § 17200 in this paragraph.

19  To the extent any allegation in this paragraph may be interpreted as making allegations

20  against Carter's under the "unfair" or "unlawful" prongs of the Business & Professions

21  Code § 17200, Carter's denies each and every averment contained therein.

22         65.    Carter's denies each and every averment in paragraph 65.

23         66.    For its answer to paragraph 66, Carter's states that the Court, by order

24  dated June 23, 2009, dismissed the claims of plaintiff Lindsey Webb for "fraudulent"

25  business practices under Business & Professions Code § 17200 *et seq.* (Fraudulent

26  Business Acts and Practices), and noted that "the Court's rulings with respect to

27  Webb's claims are, to the extent applicable, binding upon the Muirs." For this reason,

28  Carter's need not respond to plaintiffs' allegations concerning Carter's alleged violation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  of the "fraudulent" prong of Business & Professions Code § 17200 in this paragraph.

2  With respect to the remaining allegations under the "unlawful" and "unfair" prongs of

3  Business & Professions Code § 17200, Carter's denies each and every averment in

4  paragraph 66.

5       67.    For its answer to paragraph 67, Carter's admits and avers that plaintiffs

6  purport to seek the relief specified in paragraph 67.  Except as expressly admitted

7  herein, Carter's denies each and every averment in paragraph 67.

8       68.    For its answer to paragraph 68, Carter's admits and avers that plaintiffs

9  purport to seek the relief specified in paragraph 68.  Except as expressly admitted

10  herein, Carter's denies each and every averment in paragraph 68.

11       69.    For its answer to paragraph 69, Carter's admits and avers that plaintiffs

12  purport to seek the relief specified in paragraph 69.  Except as expressly admitted

13  herein, Carter's denies each and every averment in paragraph 69.

14       70.    For its answer to paragraph 70, Carter's states that the Court's June 23,

15  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that

16  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as

17  separate claims."  For this reason, Carter's need not respond to the allegations in this

18  paragraph.  To the extent "declaratory relief" or "restitution" is an available remedy

19  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

20  incorporates by reference each of its responses to such causes of action herein.  Further,

21  to the extent any allegation in this paragraph may be interpreted as making a claim that,

22  notwithstanding its order, the Court may recognize as a "separate claim" for "unjust

23  enrichment and common counts/common law restitution," Carter's denies each and

24  every averment contained therein.

25       71.    For its answer to paragraph 71, Carter's states that the Court's June 23,

26  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that

27  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as

28  separate claims."  For this reason, Carter's need not respond to the allegations in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy

2  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

3  incorporates by reference each of its responses to such causes of action herein. Further,

4  to the extent any allegation in this paragraph may be interpreted as making a claim that,

5  notwithstanding its order, the Court may recognize as a "separate claim" for "unjust

6  enrichment and common counts/common law restitution," Carter's denies each and

7  every averment contained therein.

8      72.    For its answer to paragraph 72, Carter's states that the Court's June 23,

9  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that

10  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as

11  separate claims." For this reason, Carter's need not respond to the allegations in this

12  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy

13  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

14  incorporates by reference each of its responses to such causes of action herein. Further,

15  to the extent any allegation in this paragraph may be interpreted as making a claim that,

16  notwithstanding its order, the Court may recognize as a "separate claim" for "unjust

17  enrichment and common counts/common law restitution," Carter's denies each and

18  every averment contained therein.

19      73.    For its answer to paragraph 73, Carter's states that the Court's June 23,

20  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that

21  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as

22  separate claims." For this reason, Carter's need not respond to the allegations in this

23  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy

24  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

25  incorporates by reference each of its responses to such causes of action herein. Further,

26  to the extent any allegation in this paragraph may be interpreted as making a claim that,

27  notwithstanding its order, the Court may recognize as a "separate claim" for "unjust

28  enrichment and common counts/common law restitution," Carter's denies each and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1
9
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1  every averment contained therein.

2      74.    For its answer to paragraph 74, Carter's states that the Court's June 23,

3  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that

4  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as

5  separate claims." For this reason, Carter's need not respond to the allegations in this

6  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy

7  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

8  incorporates by reference each of its responses to such causes of action herein. Further,

9  to the extent any allegation in this paragraph may be interpreted as making a claim that,

10  notwithstanding its order, the Court may recognize as a "separate claim" for "unjust

11  enrichment and common counts/common law restitution," Carter's denies each and

12  every averment contained therein.

13      75.    For its answer to plaintiffs' allegations in paragraph 75, Carter's refers to

14  and incorporates by reference each of its responses to the preceding paragraphs in the

15  complaint.

16      76.    Carter's denies each and every averment in paragraph 76.

17      77.    Carter's denies each and every averment in paragraph 77.

18      78.    Carter's denies each and every averment in paragraph 78.

19      79.    For its answer to paragraph 79, Carter's states that the Court's June 23,

20  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that

21  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as

22  separate claims." For this reason, Carter's need not respond to the allegations in this

23  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy

24  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

25  incorporates by reference each of its responses to such causes of action herein. Further,

26  to the extent any allegation in this paragraph may be interpreted as making a claim that,

27  notwithstanding its order, the Court may recognize as a "separate claim" for

28  "declaratory relief," Carter's denies each and every averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1                                    10
                    ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1    80.    For its answer to paragraph 80, Carter's states that the Court's June 23,
2  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that
3  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as
4  separate claims." For this reason, Carter's need not respond to the allegations in this
5  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy
6  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and
7  incorporates by reference each of its responses to such causes of action herein. Further,
8  to the extent any allegation in this paragraph may be interpreted as making a claim that,
9  notwithstanding its order, the Court may recognize as a "separate claim" for
10  "declaratory relief," Carter's denies each and every averment contained therein.

11    81.    For its answer to paragraph 81 and subparagraphs (a) through (c)
12  contained therein, Carter's states that the Court's June 23, 2009 Memorandum and
13  Order Regarding Defendants' Motions to Dismiss states that the Court "does not treat
14  the Muirs' 'unjust enrichment' and declaratory relief claims as separate claims." For
15  this reason, Carter's need not respond to the allegations in this paragraph. To the extent
16  "declaratory relief" or "restitution" is an available remedy under other causes of action
17  in plaintiffs' complaint, Carter's hereby refers to and incorporates by reference each of
18  its responses to such causes of action herein. Further, to the extent any allegation in
19  this paragraph may be interpreted as making a claim that, notwithstanding its order, the
20  Court may recognize as a "separate claim" for "declaratory relief," Carter's denies each
21  and every averment contained in paragraph 81 and subparagraphs (a) through (c)
22  contained therein.

23    82.    For its answer to paragraph 82, Carter's states that the Court's June 23,
24  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that
25  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as
26  separate claims." For this reason, Carter's need not respond to the allegations in this
27  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy
28  under other causes of action in plaintiffs' complaint, Carter's hereby refers to and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  incorporates by reference each of its responses to such causes of action herein. Further,
2  to the extent any allegation in this paragraph may be interpreted as making a claim that,
3  notwithstanding its order, the Court may recognize as a "separate claim" for
4  "declaratory relief," Carter's denies each and every averment contained therein.

5      83.    For its answer to paragraph 83, Carter's states that the Court's June 23,
6  2009 Memorandum and Order Regarding Defendants' Motions to Dismiss states that
7  the Court "does not treat the Muirs' 'unjust enrichment' and declaratory relief claims as
8  separate claims." For this reason, Carter's need not respond to the allegations in this
9  paragraph. To the extent "declaratory relief" or "restitution" is an available remedy
10 under other causes of action in plaintiffs' complaint, Carter's hereby refers to and
11 incorporates by reference each of its responses to such causes of action herein. Further,
12 to the extent any allegation in this paragraph may be interpreted as making a claim that,
13 notwithstanding its order, the Court may recognize as a "separate claim" for
14 "declaratory relief," Carter's denies each and every averment contained therein.

15     84.    For its answer to plaintiffs' allegations in paragraph 84, Carter's refers to
16 and incorporates by reference each of its responses to the preceding paragraphs in the
17 complaint.

18     85.    Carter's lacks sufficient knowledge to admit or deny the averments of
19 paragraph 85, and on that basis denies each and every averment contained therein.

20     86.    For its answer to paragraph 86, Carter's states that the Court, by order
21 dated June 23, 2009, dismissed the claims of plaintiff Lindsey Webb for breach of the
22 implied warranty of fitness and noted that "the Court's rulings with respect to Webb's
23 claims are, to the extent applicable, binding upon the Muirs." For this reason, Carter's
24 need not respond to plaintiffs' allegations concerning Carter's alleged breach of the
25 implied warranty of fitness. With respect to the remaining allegations in this paragraph
26 concerning Carter's alleged breach of implied warranty of merchantability, Carter's
27 denies each and every averment of paragraph 86.

28     87.    Carter's denies each and every averment in paragraph 87.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1
12
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

88.    Carter's denies each and every averment in paragraph 88.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs fail to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiffs' action is not properly maintained as a class action because the requirements under federal law for certification are not met and certification of the proposed class would result in a denial of due process to Carter's and the putative class.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs and putative class members lack standing to assert claims relating to Carter's products they did not purchase.

### FOURTH AFFIRMATIVE DEFENSE

4.    The asserted claims are barred to the extent plaintiffs and putative class members did not sustain any legal injury.

### FIFTH AFFIRMATIVE DEFENSE

5.    Any claim for damages or other monetary recovery by plaintiffs or on behalf of persons claimed to be members of the purported class must be offset and reduced by the value received from the Carter's products.

### SIXTH AFFIRMATIVE DEFENSE

6.    The claims of plaintiffs and putative class members are time-barred, in whole or in part, under the applicable statute of limitations or statute of repose.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The claims of plaintiffs and putative class members are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

8.    The claims of plaintiffs and putative class members are barred, in whole or in part, by the doctrine of laches.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1

13

ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs and putative class members may be barred, in whole or in part, from recovery because they have made statements or taken actions which estop them from asserting their claims.

## TENTH AFFIRMATIVE DEFENSE

10.    The asserted claims are barred, in whole or in part, because plaintiffs and the putative class members cannot meet their burden of showing that any acts, conduct, or statements or omissions on the part of Carter's were likely to mislead the public.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    The asserted claims are barred, in whole or in part, because plaintiffs and the putative class members cannot meet their burden of showing that any acts, conduct, or statements or omissions on the part of Carter's were unfair.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The asserted claims are barred, in whole or in part, because plaintiffs and the putative class members cannot meet their burden of showing that any acts, conduct, or statements or omissions on the part of Carter's were unlawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The asserted claims are barred, in whole or in part, because plaintiffs and putative class members were not actually deceived by any statements or omissions on the part of Carter's.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    To the extent plaintiffs or putative class members have alleged any damage, the sole and proximate cause of the alleged damage sustained by plaintiffs or the putative class results from the actions, inactions or negligence, in whole or in part, of persons other than Carter's for whose actions, inactions or negligence, in whole or in part, Carter's is in no way liable. Plaintiffs and the putative class are not, therefore, entitled to recover from Carter's in this action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1

14

ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    Plaintiffs and the putative class have failed to include necessary and indispensable parties to this action, and their claims are further barred by their misjoinder of parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    Plaintiffs and putative class members may be barred from recovery, in whole or in part, due to the intervening cause of another party.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    The asserted claims are barred to the extent any injury sustained by Plaintiffs or putative class members was caused their own negligent conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    Plaintiffs' claim to a class action should be denied because variations in the information plaintiff and members of the purported class learned about the Carter's products with heat-transferred labels prior to purchase preclude the introduction of classwide proof as to Carter's alleged misrepresentations.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Plaintiffs and putative class members may be barred from recovery, in whole or in part, because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    Plaintiffs and the putative class may not seek equitable relief because they have an adequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    The claims of plaintiffs and the putative class are barred to the extent they have failed to mitigate damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    The claims of plaintiffs and the putative class for breach of the implied warranty of merchantability are barred because the Carter's products at issue were

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  merchantable and reasonably suited for their intended purpose.

2  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

3  23.    The Carter's products at issue are not defective and were reasonably safe

4  when such products left Carter's control.

5  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6  24.    The claims of plaintiffs and the putative class for breach of the implied

7  warranty of merchantability are barred because plaintiffs failed to provide adequate

8  notice of the alleged breach to Carter's.

9  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

10  25.    The claims of plaintiffs and the putative class for breach of the implied

11  warranty of merchantability are barred because plaintiffs are not in privity with

12  Carter's.

13  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14  26.    Plaintiffs' demand for putative damages is barred by the due process

15  clause of the Fourteenth Amendment to the United States Constitution.

16  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

17  27.    Plaintiffs' demand for punitive damages is barred by the proscription of

18  the Eighth Amendment to the United States Constitution, as applied to the states

19  through the Fourteenth Amendment, and prohibiting the imposition of excessive fines.

20  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

21  28.    If a Carter's product placed into the stream of commerce by Carter's

22  caused the injury plaintiffs allege, any damages sustained by plaintiffs were caused by

23  an idiosyncratic reaction to Carter's products not reasonably foreseeable to Carter's.

24  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

25  29.    The Carter's products at issue were manufactured, packaged, and labeled

26  in accordance with accepted industry, scientific and medical standards at the time.

27  **THIRTIETH AFFIRMATIVE DEFENSE**

28  30.    The claims of plaintiffs and the putative class are barred by accord and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1                          16
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1  satisfaction.

2  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

3      31.    Plaintiffs' claims are barred by the doctrine of preemption in that the

4  federal government has totally or partially preempted the field of law applicable to any

5  product or act that is at issue.

6  ## THIRTY-SECOND AFFIRMATIVE DEFENSE

7      32.    Carter's presently has insufficient knowledge or information upon which

8  to form a belief as to whether it may have additional, as yet unstated, affirmative

9  defenses that govern the claims asserted by plaintiffs and on behalf of persons claimed

10 to be members of the purported class.  Carter's reserves the right to assert additional

11 affirmative defenses as appropriate.

12

13     WHEREFORE, Carter's prays that the Court determine and adjudge:

14          a) that this suit cannot be maintained as a class action;

15          b) that the complaint be dismissed on the merits;

16          c) that plaintiffs take nothing by the complaint;

17          d) that Carter's be awarded its costs, disbursements, attorneys' fees,

18             and expenses incurred herein; and

19          e) that Carter's be awarded such other and further relief as the Court

20             may deem proper.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1

17

1

## JURY DEMAND

2
Carter's hereby demands a trial by jury.

3

4　DATED: July 24, 2009

ROY M. BRISBOIS
ERIC Y. KIZIRIAN
LEWIS BRISBOIS BISGAARD & SMITH LLP

DAVID S. OSTERMAN
GOLDBERG SEGALLA LLP

By: _____
Eric Y. Kizirian
Attorneys for Carter's Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

**FEDERAL COURT PROOF OF SERVICE**
Webb et al. v. Carter's Inc. et al.

STATE OF CALIFORNIA, COUNTY OF Los Angeles

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 24, 2009, I served the following document(s):

**ANSWER OF DEFENDANT CARTER'S, INC. TO COMPLAINT OF PLAINTIFFS AMY MUIR AND NANCY MUIR FOR UNLAWFUL, FRAUDULENT, AND UNFAIR BUSINESS PRACTICES, UNJUST ENRICHMENT, AND COMMON COUNTS, NEGLIGENT MISREPRESENTATION, DECLARATORY RELIEF, BREACH OF IMPLIED WARRANTY**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

The documents were served by the following means:

☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.  See supplemental list for service by mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2009, at Los Angeles, California.

_____
Edwina G. Martinez

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1

19
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

1

## SERVICE LIST
## CM/ECF COURT SERVICE LIST

2

3

JIGARJIAN LAW OFFICE
Robert a. Jigarjian
Jigarjianlaw@gmail.com
128 Tunstead Ave.
San Anselmo, Cal. 94960
415-341-6660/501-907-2556
Attorneys for Plaintiff

DRINKER BIDDLE &  REATH,
LLP
Steven M. Selna
Steven.selna@dbr.com
Beth O. Arnese
Beth.arnese@dbr.com
50 Fremont Street, 20th Floor
San Francisco, Cal. 94105-2235
415-591-7500/415-591-7510
Attorneys for Avery Dennison
Corporation

4

5

6

7

8

9

WHATLEY DRAKE & KALLAS,
LLC
Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esg. (Pro Hac Vice)
1540 Broadway, 37 Floor
New York, NY 10036
Tel: (212) 447-7070
FAX: (212) 447-7077

Thomas J. Butler, Esq. (Pro Hac
Vice)
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Tel: (205) 328-9576
FAX: (205) 328-9669

10

11

12

13

14

15

EMERSON POYNTER LLP
John G. Emerson, Esq. (Pro Hac
Vice)
830 Apollo Lane
Houston, Texas 77058-2610
Tel: (281) 488-8854
FAX: (281) 488-8867

BRANSTETTER STRANCH &
JENNINGS PLLC
James G. Stranch III, Esq. (Pro Hac
Vice)
J. Gerard Stranch, IV, Esq. (Pro
Hac Vice)
Steve Simerlein, Esq.
227 Second Avenue North
Fourth Floor
Nashville, TN 37201-1631
Tel: (615) 254-8801
FAX: (615) 250-3937

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1717-8628.1

20
ANSWER TO COMPLAINT OF AMY MUIR AND NANCY MUIR

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esg. (Pro Hac Vice)
1540 Broadway, 37 Floor
New York, NY 10036
Tel: (212) 447-7070
FAX: (212) 447-7077

Alan M. Mansfield, Esq.
alan@clgca.com
The Consumer Law Group
9466 Black Mountain Road, Suite 225
San Diego, California 92126
Tel: (619) 308-5034
FAX: (888) 341-5048

Thomas J. Butler, Esq. (Pro Hac Vice)
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Tel: (205) 328-9576
FAX: (205) 328-9669


EMERSON POYNTER LLP
Scott E. Poynter, Esq.
Christopher D. Jennings, Esq. (Pro Hac Vice)
Gina M. Dougherty, Esq.
500 President Clinton Ave., Ste. 305
Little Rock, Arkansas 72201
Tel: (501) 907-2555
FAX: (501) 907-2556

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## SERVICE LIST
## SERVICE BY MAIL-MUIR PLAINTIFFS

2

3    DOYLE LOWTHER LLP         DOYLE LOWTHER LLP

4    James Robert Hall             John A. Lowther IV
jim@doylelowther.com         john@doylelowther.com

5    9466 Mountain Rd. Suite 210    9466 Mountain Rd. Suite 210
San Diego, CA 92126          San Diego, CA 92126

6    Tel: 619-573-1700             Tel: 619-573-1700
FAX: 619-573-1701           FAX: 619-573-1701

7    *LEAD ATTORNEY*           *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*    *ATTORNEY TO BE NOTICED*

8

9    DOYLE LOWTHER LLP
William James Doyle II

10   bill@doylelowther.com
9466 Mountain Rd. Suite 210

11   San Diego, CA 92126
Tel: 619-573-1700

12   FAX: 619-573-1701
*LEAD ATTORNEY*

13   *ATTORNEY TO BE NOTICED*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW