ROY M. BRISBOIS, SB# 53222
 E-Mail: brisbois@lbbslaw.com
ERIC Y. KIZIRIAN, SB# 210584
 E-Mail: kizirian@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

DAVID S. OSTERMAN (*pro hac vice*)
 E-Mail: dosterman@goldbergsegalla.com
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Boulevard, Suite 101
Princeton, New Jersey 08540
Telephone: 609.986.1300
Facsimile: 609.986.1301

Attorneys for Defendant Carter's Inc.

Additional Counsel Appear on Signature Page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LINDSEY WEBB, *et al*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARTER'S INC., *et al.*<br><br>Defendant. | CASE NO. 2:08-cv-07367 GAF MANx<br><br>Hon. Gary A. Feess<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)**<br><br>**Courtroom:** 740<br>**Date:** TBD<br>**Time:** TBD |
| AMY MUIR, *et al*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARTER'S INC., *et al.*<br><br>Defendant. | |

4832-4286-0291.1
SF01/ 652507.1

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)

Plaintiffs Lindsey Webb, Jayme Sanchez, Kina Abrams, Anastasia Booth, Amy Muir, and Nancy Muir ("Plaintiffs"), and Defendants Carter's, Inc. ("Carter's") and Avery Dennison, Inc. ("Avery"), through their undersigned counsel, hereby respectfully submit the following Joint Scheduling Conference Report Pursuant to Rule 26(f) ("Joint Report") for consideration by the Court. The Joint Report addresses both the issues required by Fed. R. Civ. P. Rule 26(f) ("Rule 26(f)") and this Court's "Order Regarding Rule 26(f) Conference and Joint Report" ("Joint Report Order"). To the extent the parties do not agree on issues discussed herein, their respective positions on such issues are included under separate headings in this Joint Report.

## I. Rule 26 Meeting of Counsel.

Pursuant to Fed. R. Civ. P. 26(f), the parties participated in a series of meetings of counsel in July 2009 to discuss issues addressed in this report, and exchanged final drafts of their respective Rule 26 Report positions on August 19, 2009. Roy Brisbois and Eric Kizirian of Lewis Brisbois Bisgaard & Smith LLP and David Osterman of Goldberg Segalla LLP represented Carter's, Steven Selna of Drinker Biddle and Reath LLP represented Avery, and John Emerson of Emerson Poynter LLP and Thomas Butler of Whatley Drake & Kallas LLC represented Plaintiffs.

## II. Rule 26(f) Items:

**A. Changes in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

The parties have agreed that Rule 26(a) initial disclosures shall occur simultaneously on August 14, 2009. The parties do not anticipate that any changes in the timing, form, or requirement for disclosures will be necessary.

**B. Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties agree that the Court need not bifurcate discovery into "class discovery" and "merits discovery," and that all discovery may proceed simultaneously.

The parties have discussed their respective discovery needs and anticipate that all fact discovery (including motions on fact-discovery issues) will be completed by May 28, 2010 and expert discovery shall be subject to the deadlines set forth in further detail in Section G, herein.

The parties anticipate the following discovery may be needed:

1. <u>Plaintiffs</u>

1) Depositions of the Defendants' appropriate corporate representatives who have knowledge regarding the design, manufacture (including product testing) distribution and sale of Carter's clothing with tagless labels, as well as the silent recall conducted by Carter's after November of 2007 and Carter's return policies.

2) Depositions of the Defendants' representatives regarding the relationship between them arising from and/or relating to the design, manufacture and distribution of Carter's clothing with tagless labels.

3) Depositions of expert witnesses the Defendants may designate for trial or that may submit declarations in support of Defendants' response to Plaintiffs' motion for class certification.

4) Depositions of designers and/or manufacturers of Carter's clothing with tagless labels for product lines before and after the Fall 2007 product line, as well as designers and/or manufacturers which, in addition to Avery Dennison, were responsible for the Fall 2007 product line.

5) Depositions of the "independent experts including physicians" referenced in Carter's statement "A Message From Carter's on Tagless Labels."

6) Depositions of those individuals with knowledge of the underlying factual support for the statements made by Michael Casey and Janell Cleveland to various media outlets, including, but not limited to, the website www.zrecommends.com.

7) Depositions of the individuals associated with Carter's October, 2008 joint notice with the CPSC regarding its clothing with tagless labels;

8) Written discovery concerning (1) the factual and legal claims in the

operative complaints in the *Webb et al. v. Carter's, Inc. et al.* and *Muir, et al. v. Carter's, Inc. et al.* matters, (2) the design, manufacture (including product testing) distribution and sale of Carter's clothing with tagless labels other than the Fall 2007 product line; (3) the "independent experts including physicians" referenced in Carter's statement "A Message From Carter's on Tagless Labels; and (4) the underlying factual support for the statements made by Michael Casey and Janell Cleveland to various media outlets, including, but not limited to, the website www.zrecommends.com; and (5) the silent recall conducted by Carter's after November of 2007; (6) sales data for Carter's clothing with tagless labels and (7) the relationship between Carter's and Avery Dennison arising from and relating to the design, manufacture and distribution of Carter's clothing with tagless labels.

        2.     <u>Carter's and Avery</u>

1)     Depositions of the named plaintiffs Lindsey Webb, Amy Muir, and Nancy Muir. Although the Court dismissed the claims of plaintiffs Jayme Sanchez, Kina Abrams, Anastasia Booth against Carter's on June 23, 2009, Carter's also plans to attend their depositions if noticed by other parties.

2)     Depositions of expert witnesses Plaintiffs may designate for trial or that may submit declarations in support of Plaintiffs' anticipated motion for class certification.

3)     Depositions of non-expert witnesses (e.g., members of the purported class) who may submit declarations in support of Plaintiffs' anticipated motion for class certification.

4)     Depositions of medical providers who treated Plaintiffs' children for the injuries Plaintiffs identify in their complaint.

5)     Interrogatories concerning (1) the factual and legal claims in the operative complaints in the *Webb et al. v. Carter's, Inc. et al.* and *Muir, et al. v. Carter's, Inc. et al.* matters, and (2) the extent and nature of the injuries plaintiffs claim resulted from their purchase and use of clothing with heat-transferred labels.

1    6) Document requests concerning (1) the factual and legal claims in the operative complaints in the *Webb et al. v. Carter's, Inc. et al.* and *Muir, et al. v. Carter's, Inc. et al.* matters, (2) the extent and nature of the injuries plaintiffs claim resulted from their purchase and use of clothing with heat-transferred labels, (3) medical records that relate to "rashes" or other skin ailments plaintiffs claim resulted from their use of Carter's products with heat-transferred labels.

7) Requests for Admissions concerning (1) the factual and legal claims in the operative complaints in the *Webb et al. v. Carter's, Inc. et al.* and *Muir, et al. v. Carter's, Inc. et al.* matters, and (2) the extent and nature of the injuries plaintiffs claim resulted from their purchase and use of clothing with heat-transferred labels.

**C.  Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have met and conferred and confirmed that each has taken steps to help ensure the preservation of potentially discoverable materials. The parties also have agreed to meet and confer further regarding the disclosure and discovery of electronically stored information ("ESI"), including the form(s), scope and extent in which ESI will be produced in discovery. With respect to the form of production, Carter's agrees to produce ESI, such as email, in printed "hard copy" format. Plaintiffs do not agree to this format and will agree to meet and confer over the proper method of ESI production.

**D.  Changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Carter's believes that the discovery limits of the Federal Rules of Civil Procedure should apply. Plaintiffs believe those limits should be either lifted or expanded to reflect the number of issues raised in this case.

**E.  Other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).**

The parties do not presently believe that an order, other than one covering the issues discussed in this Joint Report, is necessary.

## III. Joint Report Order Items:

### A. Synopsis of Main Claims, Counterclaims, and/or Affirmative Defenses.

#### 1. Plaintiffs' Claims

Plaintiffs bring this action on behalf of themselves and other families who have been injured as a result of Carter's and Avery Dennison's unlawful and unfair business acts and practices related to apparel products containing heat-transferred or "tagless" labels. The Plaintiffs' infant children have suffered from a sore located between their shoulder blades on their upper back/lower neck -- the exact area where the tagless label on the Carter's clothing comes into contact with their skin. The Defendants negligently designed, manufactured, marketed, advertised, promoted, sold and/or distributed apparel products containing heat-transferred or "tagless" labels, which were unreasonably dangerous in normal use. Specifically, neither Carter's nor Avery Dennison implemented reasonable oversight or quality controls for its manufacturing facilities to prevent the use of toxic and/or nonconforming chemicals on the defective apparel intended for babies and children. In addition, Defendants failed to properly screen products during and immediately after the manufacturing process to ensure that Carter's apparel products containing heat-transferred or "tagless" labels were safe prior to placing them into the stream of commerce.

Compounding their misconduct, Defendants also failed to adequately warn purchasers of the unreasonably dangerous characteristics associated with its defective apparel. Carter's and Avery Dennison knew the defective apparel would be worn by children, who are more susceptible to chemical toxicity than adults, and that it contained chemicals and/or other adulterants that were dangerous and caused severe skin reactions. Plaintiff and all Class members seek compensatory and punitive damages, as well as equitable and other relief for themselves, and all others

1  similarly situated, to compensate them, in whole or in part, for the economic issues
2  which confront them as a result of their reliance upon the safety of the defective
3  apparel containing heat-transferred or "tagless" labels.

### 2. Carter's Defenses

Plaintiffs' claims lack merit. In November 2007, Carter's began to receive a limited number of complaints that some infants with sensitive skin could be allergic to heat-transferred, or "tag-less" labels on Carter's clothing. Contrary to Plaintiffs' characterizations, Carter's responded to the limited consumer complaints about heat-transferred labels. It conducted an internal review of the product and test results and required its label manufacturers to do the same, and coordinated with several independent experts, including physicians, to provide their analyses. Carter's review of third-party testing on heat-transferred labels provided no indication that the labels contain any known skin irritants or abrasive chemicals, or that the few reported skin rashes were anything beyond a rare allergic reaction to an otherwise safe product. Nevertheless, Carter's issued a statement on its website in conjunction with the U.S. Consumer Product Safety Commission that informed consumers about potential allergic reactions and invited dissatisfied consumers to "return any item [if they] are not satisfied with for a full refund." Carter's did not "conceal" information about heat-transferred labels as Plaintiffs allege, and maintains that its products are safe and free from toxic chemicals. For these and other reasons, Carter's believes that Plaintiffs will not be able to satisfy critical elements of their claims.

Plaintiffs also cannot satisfy several of the Rule 23 requirements for class certification. Plaintiffs seek certification of a nationwide class under California law. It is well-settled that California law constitutionally cannot apply to the claims of a nationwide class without appropriate inquiry into (1) whether state law variations exists, (2) whether the individual states where members of the purported class reside have an equal or greater interest in having their laws applied to the claims of residents in their states, and (3) which state's interest would be more impaired if its laws were

not applied. This inquiry unquestionably points to the conclusion that the laws of 50 states would have to be analyzed and applied to Plaintiffs' nationwide class claims, which would trump any common legal issues that Plaintiffs claim are presented by their class action complaint. Similarly, Plaintiffs' claims raise significant individual factual issues that can only be resolved through individual inquiries. Carter's believes that these and other obstacles to class certification will preclude class treatment of Plaintiffs' claims.

### 3. Avery's Defenses

Plaintiff's claims against Avery Dennison lack merit. In late November 2007, Avery Dennison learned from Carters that Carters had received a limited number of complaints from consumers suggesting that infants could be experiencing a potential allergic reaction in the form of skin rashes when coming in contact with the heat-transferred, or tag-less labels on Carters clothing. As it was a supplier of tag-less labels to Carters, Avery undertook toxicological testing of its labels in an effort to determine whether a chemical contained in the labels could be implicated in the complaints of skin rashes. The test results provided no indication that the labels contained any known skin irritants. In addition, Avery's ink supplier provided test results which similarly did not reveal any known skin irritants.

Moreover, it is not clear that the Avery-supplied labels are properly implicated in this lawsuit, as Avery was not the sole supplier of tag-less labels to Carters. For these and other reasons, Avery believes that plaintiffs cannot satisfy the requisite elements of a proper claim against Avery.

### B. Description of Key Legal Issues.

#### 1. Plaintiffs' Description of Key Legal Issues

Plaintiffs submit that the key legal issues in this action are the scope and extent of Defendant's liability under California's Unfair Competition Law ("UCL"), Cal. Bus.

& Prof. Code §17200, *et seq;* as well as for breach of breach of implied warranty and violations of the Magnuson-Moss Act.

### 2. Carter's Description of Key Legal Issues

Carter's submits that Plaintiffs' claims implicate both procedural and legal issues that must be adjudicated, as follows:

(a) Procedural issues: Whether plaintiffs Lindsey Webb, Amy Muir, and Nancy Muir can satisfy their burden of demonstrating that this proposed class action meets each of the four requirements of Fed. R. Civ. P. Rule 23(a) and at least one of the requirements of Rule 23(b) to justify class treatment of their claims.

(b) Legal issues: Whether plaintiffs Lindsey Webb, Amy Muir and Nancy Muir can satisfy their burden of demonstrating that Carter's (1) violated the "unfair" and "unlawful" prongs of California Business & Professions Code § 17200, (2) breached the implied warranty of merchantability, and (3) is liable for violation of the Magnuson-Moss Act. Plaintiffs Amy Muir and Nancy Muir also have the additional burden of demonstrating that Carter's is liable for negligent misrepresentation.

### 3. Avery's Description of Key Legal Issues

The key legal issues in this case are limited. Plaintiffs only remaining cause of action against Avery is limited to a claim under the "unfair" prong of the UCL. As the Court explained in its June 23, 2009 Memorandum and Order Regarding Defendants' Motion to Dismiss, even that cause of action is limited to a failure-to-disclose theory. As a result, the only legal issues with respect to Avery are whether Avery had a duty to disclose material facts and failed to do so.

**C. Percipient Witnesses and Key Documents.**

### 1. Plaintiffs' Percipient Witnesses and Key Documents

Plaintiffs anticipate that discovery and further investigation of their claims are necessary to identify all percipient witnesses and key documents. The following is a list of key documents and percipient witnesses that are currently known to Plaintiffs:

1     a)    Documents concerning the Plaintiffs' sales transactions, the injuries incurred by their children and resulting damages;

    b)    Individuals with knowledge concerning the issues and documents identified in (a) above.

    2.    <u>Carter's Percipient Witnesses and Key Documents</u>

Carter's anticipates that discovery and further investigation of Plaintiffs' claims is necessary to identify all percipient witnesses and key documents. The following is a list of key documents and percipient witnesses currently known to Carter's:

    a)    Documents concerning testing of heat-transferred labels on Carter's products;

    b)    Documents concerning consumer complaints about heat-transferred labels;

    c)    Documents concerning Carter's refund policy;

    d)    Documents concerning Carter's statements and representations about heat-transferred labels;

    e)    Documents concerning Carter's investigation of complaints related to heat-transferred labels;

    f)    Carter's employees with knowledge concerning the issues and documents identified in (a)-(e) above.

    3.    <u>Avery's Percipient Witnesses and Key Documents</u>

The following is a list of key documents and percipient witnesses currently known to Avery Dennison:

    a)    Documents concerning testing of heat-transferred labels;

    b)    Documents related to Avery Dennison's contracts with third parties regarding heat-transferred labels;

    c)    Avery Dennison's employees with knowledge concerning the issues and documents identified above.

**D.**    **Realistic Range of Provable Damages.**

### 1. Plaintiffs' Statement Regarding Provable Damages.

Plaintiffs and all Plaintiff Class members seek compensatory and punitive damages for themselves, and all others similarly situated, as a result of their purchase and/or use of the defective apparel, which caused, may cause and/or continue to cause Plaintiffs and the Plaintiff Class members to suffer economic loss and other expenses. Further, Plaintiffs and all Plaintiff Class members seek equitable and other relief for themselves, and all others similarly situated, to compensate them, in whole or in part, for the economic issues that confront them as a result of their purchase and use of Carter's apparel products containing heat-transferred or "tagless" labels including disgorgement and restitution including the return of any purchase price paid, interest on these amounts from the date of purchase. Plaintiffs contend that while currently unknown to them, such amounts can be established from sales data obtained through discovery from the Defendants**.**

### 2. Carter's Statement Regarding Plaintiffs' Claimed Damages.

Carter's does not believe that Plaintiffs have sustained any damage and that they cannot demonstrate on a class wide basis that all members of the class have sustained a legally cognizable injury. To extent Plaintiffs seek a full refund of their purchase price for any Carter's products, Carter's states that this remedy currently is available to any Carter's customer under Carter's standard refund policy, regardless whether the product at issue has a heat-transferred label, if the consumer is not satisfied with his or her purchase.

### 3. Avery's Statement Regarding Plaintiffs' Claimed Damages.

Plaintiffs' sole remaining cause of action against Avery is under the "unfair" prong of the UCL and is limited to the claim that defendants engaged in unfair business acts and practices by not disclosing the presence of allegedly harmful chemicals in products designed to be used by babies and small children since 2006. Monetary damages are not available to Plaintiff under the UCL. Moreover, Avery Dennison does not believe that Plaintiffs have sustained any damage and that they cannot demonstrate

on a class wide basis that all members of the class have sustained a legally cognizable injury.

### E. Insurance Coverage.

Plaintiffs believe that all potentially relevant insurance policies or indemnification agreements should be produced, even if there has been a denial of coverage or a reservation of rights.

### F. Likelihood of Motions Seeking To Add Other Parties Or To File Amended Pleadings, Motions to Transfer Venue.

The Plaintiffs contend they may have to file motions seeking to add other parties and amended pleadings should, through discovery, they learn of additional designers and/or manufacturers of heat-transferred labels for Carter's. The Plaintiffs do not believe a transfer venue will be necessary.

### G. Present State of Discovery (Completed Discovery and Schedule for Future Discovery).

The parties have agreed that Rule 26 initial disclosures will occur simultaneously on August 14, 2009, and that discovery, with the exception of expert-related discovery, will be completed by May 28, 2010. The parties have agreed to and shall submit to the Court a form protective order that should be entered to ensure the prompt exchange of information. The Plaintiffs will provide the expert reports required by Rule 26 along with their initial class certification motion on February 15, 2010. The Plaintiffs agree to make any such experts available for deposition on, or before, March 15, 2010. The Defendants will submit their expert reports required by Rule 26 with any response to the Plaintiffs' class certification motion by April 15, 2010. The Defendants agree to make any such experts available for deposition on, or before, April 30, 2010. The Plaintiffs' reply submission in support of their class certification motion shall be filed by May 28, 2010.

**H.   Written Discovery Plan (Anticipated Depositions and Written Discovery) and Completion Schedule for All Discovery Items.**

The parties propose the following discovery schedule for fact and expert discovery:

**Fact Discovery Cut-Off:**     May 29, 2010

**Expert Discovery Cut-Off:**     April 30, 2010, in accordance with the schedule set forth in Section G above.

The issues to be addressed in discovery and the individuals that may be deposed are those set forth in Section II(B), above.

**I.   Proposed Discovery Cut-Off Date (Includes Completion of All Hearings on Discovery Motions).**

The parties have discussed their respective discovery needs and anticipate that all discovery will be completed by May 28, 2010 with the exception of expert discovery as set forth in Section G above. .

**J.   Issues or Claims Subject to Summary Judgment Motions or Motions In Limine.**

1. <u>Avery</u>

Avery Dennison intends to bring a motion for summary judgment regarding Plaintiffs' sole claim against Avery Dennison under the unfair prong of the UCL.

2. <u>Carter's</u>

Carter's anticipates that some or all of the surviving claims in Plaintiffs' complaint may be adjudicated through a motion for summary judgment, but requires additional discovery and investigation to more thoroughly evaluate both the factual and legal grounds for such a motion. Carter's also anticipates it will file motions in limine before trial, but cannot provide a meaningful assessment concerning the subjects of such motions without further discovery and investigation.

**K.   Motion Cut-Off Date (Last Date Motions May be Heard).**

The parties respectfully propose the following motion schedule:

1) Motion for Class Certification:  February 15, 2010

2) Opposition to Motion for Class Certification: April 15, 2010

3) Reply in Support of Motion for Class Certification: May 28, 2010

4) Hearing on Motion for Class Certification:  June 21, 2010 (or as otherwise ordered by the Court).

5) Dispositive Motions: All dispositive motions must be heard by July 12, 2010, which is nine weeks before the proposed September 20, 2010 trial date, as required by the Court's "Schedule of Trial and Pretrial Dates."

**L.     Status of Settlement Discussions.**

The parties have not had any formal settlement discussions.  Although Carter's and Avery Dennison vigorously deny the allegations in plaintiffs' complaints, it will of course consider reasonable settlement proposals by Plaintiffs.

**M.     Realistic Estimate Of Time Required For Trial, Including Number Of Witnesses Each Side Contemplates Calling For Testimony.**

The parties agree that a realistic estimate of time required for trial in this matter is 12 days, but it is premature to include an estimate as to the number of witnesses as the Parties are awaiting initial discovery responses and Rule 26 disclosures.

**N.     Proposed Dates (Schedule On Ex. A).**

Subject to the Court's availability, the parties propose that trial commence on September 20, 2010, and in accordance with the Court's "Schedule of Trial and Pretrial Dates" propose the following schedule:

| | |
|---|---|
| **Trial:** | September 20, 2010 |
| **Hearing on Motions in Limine and Disputed Jury Instructions:** | September 13, 2010 |
| **Pretrial Conference** <br> **Motions in Limine Filed** <br> **Proposed Voir Dire Questions Lodged** | |

| | |
|---|---|
| **Agreed-to Statement of Case:** | August 23, 2010 |
| **Lodge Pre-Trial Conf. Order** | |
| **File Memo of Contentions of Fact/Law** | |
| **Exhibit and Witness Lists** | |
| **File Status Report re Settlement** | |
| **File Jury Instructions and Verd. Forms** | |
| **File Joint Statement re Disputed Inst.:** | August 16, 2010 |
| **Last Date for Settlement Conference:** | July 19, 2010 |
| **Last Date for Hearing on Motions:** | July 12, 2010 |

**O.   Statement Of Issues Affecting Status Or Management of the Case (technical or technological issues, disputes over protective orders, discovery in foreign jurisdictions, etc.)**

The parties do not, at this time, anticipate technical or technological issues, or disputes over protective orders will cause substantial delays or management concerns. The parties have agreed upon a protective order for confidential documents that may be produced in discovery and intend to submit it for review and approval by the Court.

**P.   Identification of Subsidiaries, Parents, and Affiliates for Corporate Parties.**

    1.   <u>Carter's</u>

Carter's, Inc. is the parent company of The William Carter Company. The William Carter Company is the parent company of: (a) OshKosh B'Gosh, Inc., (b) Carter's Retail, Inc., (c) TWCC Product Development and Sales, Inc., and (d) Carter's Giftcard Company, Inc. No publicly traded entity owns more than 10% of Carter's, Inc.

    2.   <u>Avery</u>

Avery Dennison identifies the following relevant entities: Avery Dennison Retail Information Services LLC, Dennison Manufacturing Company, Paxar Honduras S.A., Paxar Printing and Packaging Ltd, and Paxar Ltd.

| | | |
|---|---|---|
| 1 | DATED: August 8, 2009 | ROY M. BRISBOIS |
| 2 | | ERIC Y. KIZIRIAN |
| | | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 3 | | DAVID S. OSTERMAN |
| 4 | | GOLDBERG SEGALLA LLP |

By: /s/ Eric Y. Kizirian
Eric Y. Kizirian
Attorneys for Carter's Inc.

DATED: August 8, 2009    STEVEN M. SELNA
DRINKER BIDDLE & REATH LLP

By: /s/ Steven M. Selna
Steven M. Selna
Attorneys for Defendant Avery Dennison, Inc.

DATED: August 8, 2009    ALAN M. MANSFIELD
CONSUMER LAW GROUP

By: /s/ Alan M. Mansfield
Alan M. Mansfield
Attorneys for Plaintiffs Lindsey Webb, Jayme Sanchez, Kina Abrams, Anastasia Booth

DATED: August 8, 2009    JOHN A LOWTHER , IV
DOYLE LOWTHER LLP

By: /s/ John A. Lowther
John A. Lowther
Attorneys for Plaintiffs Amy Muir and Nancy Muir

SF01/ 652507.1

15

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW